F. K. DANISH ET AL. V. ANNIE DISBROW ET AL.

WILL.—In construing a will bequeathing to "my beloved wife, Annie Thomas, all my real and personal estate of every description; * * * my said wife shall take said property for the maintenance of herself and the children, and she shall manage the same in such manner as she thinks best and as her necessities may require," providing that the Probate Court should have no control, and closing: "Also, she shall have all the interest I am owner of, and she shall have full control of the same, of all leases for rents and ground rents, and also of all property I am the owner of:" *Held*—

1. The widow took the legal title to the real estate of the testator, and had the power of sale.

2. Even if the estate was charged with a trust in favor of the children, the validity of the title of a purchaser, in absence of fraud participated in by the purchaser, would not depend upon the necessity in fact of such sale.

3. The rights of the purchaser would not be affected by any disposition made of the purchase-money.

4. The estate is not charged with an equity in favor of the children beyond the right to maintenance.

5. It was a proper charge to submit touching the acts of the widow towards the children, with reference to the estate, "Whether, considering the number, age, and necessities of the children and her own reasonable wants, she has in a reasonable manner exercised the powers given her under the terms of the will. The testator gave her a very large discretion, and unless she has abused that discretion by a reckless disregard of the rights of plaintiffs, you will find for defendant on that issue."

APPEAL from Harris.    Tried below before the Hon. James Masterson.

November 18, 1878, in the District Court of Harris county, Lavinia Danish, joined by her husband, F. K. Danish; Jennie Hitchcock, joined by her husband, L. M. Hitchcock; Emma Russell, joined by her husband, W. S. Russell; William Thomas, in his own right and as next friend of Henry and Gussie Thomas, as heirs of William E. Thomas, sued Annie Disbrow, (late Thomas, and the widow,) Benjamin F. Disbrow, and Milby & Porter.

The object of this suit was to cancel a deed which their said mother (then Mrs. Close) had executed to Milby & Porter, attempting to convey to them lots 1 and 2, in block 16, in the city of Houston, and to recover said property held by Milby & Porter under said deed.

The further object of the suit was to remove their mother from the management and control of the property left by their father at his death, and the management and control of which were claimed to have been given her by the will of their father.    It was charged that she had repudiated the trust created by the will and mismanaged the property.    Plaintiffs claimed that their mother did not have the power under their father's will to convey said property to Milby & Porter, and that said property was held by her in trust for them, as was the balance of the property disposed of by said will.

Plaintiffs also sought to have said trust estate administered by the court.

Appellees Disbrow and wife answered separately from Milby & Porter, their co-defendants, and pleaded a general demurrer and a general denial.

Appellees Milby & Porter pleaded a general demurrer, a general denial, and specially—

1st. That they are innocent purchasers in good faith, without notice and for value paid, of said property; that they are in possession, claiming under their deed from their co-defend-

ant Annie; that she took said property under said will free from any trust.

2d. That they are purchasers in good faith, and suggest to the court adverse possession for one year before the filing of this suit; that they have made valuable improvements on said property of the value of $20,000; and that the money paid by them had been used by said Annie in paying taxes and in the maintenance of herself and children.

3d. That there can exist no right of action in favor of Danish and wife as against them, because the said Annie has conveyed $10,000 worth of the property disposed of in said will to Danish and wife, which they accepted in full satisfaction of all claims against said estate.

4th. That if any trust in favor of complainants was created by the will, it was only a partial trust for their maintenance, and that the surplus or remainder of the property belonged to said Annie in fee, and that all of complainants, except Gussie and Henry, were of full age before the filing of this suit, and had left said Annie's family and acquired homes of their own.

5th. That if said property was charged with any trust in favor of Henry and Gussie, it was only a partial trust for their maintenance, and that they had no such interest as would entitle them to maintain this suit.

The verdict was for defendants, and the judgment was rendered according to the finding of the jury. Motion for new trial having been overruled, plaintiffs appealed.

The will is set out in the opinion. The estate left consisted principally of city property in Houston.

*Barziza & Oliver*, for appellants.

I. If the necessity of a sale for the maintenance of herself and children was a condition precedent to the existence of a power of sale in Annie Close under said will, then Milby & Porter were bound to inquire whether such necessity existed or not, before purchasing. (Wills on Questions of Law and

Fact, secs. 433, 434, pp. 375, 376, 377; People v. Farrell, 30 Cal., 316; Railroad Co. v. Blocher, 27 Md., 285; Railroad Co. v. Lafferty, 2 W. Va., 117; Railroad Co. v. Miller, 40 Miss., 48; Railroad Co. v. Kendrick, 40 Miss., 388; Railroad Co. v. Dunn, 61 Ill., 388.)·

II. For any disregard of their rights complainants were entitled to have their mother removed from the management of said estate. (Hill on Trustees, sec. 191; Perry on Trusts, sec. 275-277, 282, 816-818; The Law of Trusts and Trustees, Tiffany & Bullard, p. 387.)

III. Complainants took such an interest in their homestead under the will as their mother could not convey by virtue of any power in the will. (Perry on Trusts, secs. 112, 117, 119, 298, 299, 308, 309, 312, 320, 788, 789, 793, 800, 804, 808, 812, 828, 835; Jarman on Wills, 3d ed., ch. 53, rules of construction 5 and 7, p. 525; Hill on Trustees, pp. 101, 102.)

*Willie & Cleaveland*, for Mrs. Annie Disbrow and husband, cited Paschal's Dig., arts. 999, 1371, 1373; Perry on Trusts, sec. 119; 2 Hare's Ch., (Eng.,) 710; 19 Conn., 342; 21 Conn., 266; McDonough v. Cross, 40 Tex., 251; Young v. Harris, 14 B. Monr., 448.

*Baker & Botts*, for appellees.—Appellees submit the following as their view of the law as applicable to the case:

I. The language of the will shows an intention to vest the estate in the wife absolutely, and not to vest it in the wife and children. (Paschal's Dig., art. 999; Thorp v. Owen, 2 Hare's Ch., (Eng.,) 607; Coonrod v. Coonrod, 6 Ohio, 115.)

II. But if the wife did not take the estate absolutely as between her and the children, then she took it subject only to their maintenance, as limited by the will. This is termed in law a partial trust, which carries with it the right to manage, control, and dispose of, and in which the children cease to

be interested as they grow up and separate from the family. (3 Red. on Wills, pp. 505, 506; Lewin on Trusts, 112.)

III. If she took in either of the above ways, she had the right to sell and convey, and Milby & Porter took a good title to the lot purchased from her, and were under no obligation to look to the application of the purchase-money.

IV. But the wife might sell as executrix under an independent will. She was certainly charged with the payment of the testator's debts, or, rather, she did not take until after payment of debts. The payment of his debts and the maintenance of the children devolved on her. She was charged with the execution of these trusts, and though not named in the will as executrix, this made her executrix according to the tenor of the will, and she was established as executrix by judgment of the County Court on probate of the will. (1 Williams on Executors, 195m, 196p; Stone v. Brown, 16 Tex., 430.)

V. Being an independent will to be executed out of the court, the trust was personal, and if it became necessary to sell property, either for payment of debts or to maintain herself and children, she had the power to do so. It was inherent in the trust. (McDonough v. Cross, 40 Tex., 251; 2 Story's Eq., sec. 1064b.)

VI. In the management and control of these trusts, if it became necessary to sell property, she was made the sole judge of the necessity and when it arose; and when she determined that a sale was necessary, the purchaser was not bound to inquire further, nor was he under any obligation to see to the application of the purchase-money. (3 Mason, 178; 14 B. Monr., 348; Hill on Trustees, p. 518; Perry on Trusts, sec. 789.)

BONNER, ASSOCIATE JUSTICE.—This case involves the construction of the last will and testament of W. E. Thomas, which reads as follows:

"In the name of God, amen: I, William E. Thomas, of

the city of Houston, in Harris county and State of Texas, being of sound mind and memory, do make, publish, and declare this to be my last will and testament, revoking all former wills by me made, declaring this to be my last will, in manner and form following; that is to say: First, my request is, all my lawful debts shall be paid. Then I give and bequeath unto my dearly-beloved wife, Annie Thomas, all my real and personal estate of every description, live stock, ready money on hand or on deposit, all notes of hand, all due bills or bills becoming due, and all debts, rents, and accounts to me owing. My said wife shall take said property for the maintenance of herself and the children, and she shall control and manage the same in such a manner as she thinks best and as her necessities may require. And I further desire and request that no action shall be had in the Probate Court in or about my estate, excepting to prove my will and put the same on the records of said court. Also, she shall have all interest I am owner of, and she shall have full control of the same, of all leases for rents and ground rents, and also of all property I am the owner of."

I. One of the material questions in the case, and which is decisive of the issue between the plaintiffs and Milby & Porter, relates to the power given by the will to the wife of the testator, now Mrs. Annie Disbrow, to sell the property mentioned therein.

We are of opinion, that whether she became invested with the full and absolute title to the property, or that the same was charged with a trust in her hands, she nevertheless, by the terms of the will, had the legal title, and thereby had such power of sale; and that the same was not inconsistent with the intention of the testator, but might have become necessary to carry this intention into effect.

We are further of opinion, that, even if the property should be held to have been charged with a trust in favor of the children, by the terms of the will, the validity of the title of the purchasers under such sale—if the same is not shown to

have been made in bad faith and in fraud of the rights of the children, and thus participated in by the purchasers—should not depend upon the necessity in fact that the sale should have been made. (Perry on Trusts, sec. 789.)

Neither, in such case, should their rights depend upon the proper application by the wife of the purchase-money.

It is the opinion of eminent jurists and judges, that it would have been far better, in all cases, to have held that the right to sell carried with it the right to receive the purchase-money, without responsibility on the part of the purchaser as to its application.

It is well settled, however, that where the trust is in its nature unlimited and general, the purchaser is not bound to look to the application of the purchase-money. (2 Story's Eq. Jur., secs. 1124–1135; Gardner v. Gardner, 3 Mason, 178.) To impose upon the purchaser, in such a case as this, the hazard to determine correctly, in the first instance, the question of the necessity for the sale, and then to see to the proper application of the purchase-money, (which a court even might find much difficulty in deciding,) would so embarrass the title to the property and so depreciate its value as to virtually withdraw it from market.

Under the issues and evidence, the record does not disclose any error in so much of the judgment as sustained the validity of the sale to Milby & Porter.

II. The other material question in the case relates to the alleged mismanagement on the part of the wife, Mrs. Annie Disbrow, of the trust charged to have been confided to her.

Upon this issue, the court charged the jury as follows: "As between plaintiffs and Mrs. Disbrow, the mother, the true inquiry is, whether, considering the number, age, and necessities of the children and her own reasonable wants, she has in a reasonable manner exercised the powers given her under the terms of the will. The testator gave her a very large discretion, and unless she has abused that discretion by a reckless disregard of the rights of plaintiffs, you should find

for defendant on that issue.    On the other hand, if the proof
satisfies you that the mother has acted in such reckless dis-
regard of her duty as shows that she should no longer exer-
cise the duties and powers conferred on her by the will of
William E. Thomas, then, as against her, find for plaintiffs."

Under this charge the jury found for the defendant.

We are of opinion, that if the property stands charged in
the hands of Mrs. Disbrow with an equity in favor of the
children, it does not extend beyond the right to a claim for
maintenance; and we think that the instructions given by
the court to the jury fairly presented the law on this issue as
applied to the case before the court, and the record does not
disclose error which would authorize us to set aside their
verdict.

There being, then, upon the material issues in this case,
no error apparent upon the record, the judgment below is
affirmed.

AFFIRMED.