T. J. IVEY, ADMINISTRATOR, v. E. C. WILLIAMS ET AL.

No. 3246.

1.   **Charge Upon Effect of Documentary Evidence.**—It is the duty of the court to charge upon the legal effect of documentary evidence.    See example where it was held error to refuse an instruction as to the legal effect of certain documents in evidence. The court in its charge had submitted the legal effect to be found by the jury.

2.   **Bills of Exception—Practice.**—Bills of exception contained in a statement of facts approved and filed after the adjournment of the court can not be considered,

3.   **Irrelevant Testimony.**—It was irrelevant to show an unpaid purchase money note for the land as affecting the legal title exhibited by the plaintiff, there being no lien reserved nor attempt to assert a lien.

4.   **Charge Outside the Issues.**—Where nothing in the testimony tended to show any title but that offered by the plaintiff (save as affected by limitations pleaded by the defendants), it was misleading for the court to instruct the jury, "to entitle plaintiff to recover she must show a valid good title superior to all others, not only against defendants but against all other parties."

APPEAL from Smith.    Tried below before Hon. Felix J. McCord.

The opinion gives a statement.

*C. G. White* and *James M. Edwards*, for appellant.— 1. The court ·erred in leaving it a question of fact to be determined by the jury whether the plaintiffs had shown a valid title from and under the State of Texas ·down to Susan V. Tipps, when the court should have instructed that plaintiffs had shown such title, consisting entirely of instruments of writing, which it was the duty of the court to construe the legal effect of before the jury. Edwards v. Barwise, 69 Texas, 84; Hilliard v. Hons, 37 Texas, 717; Shepherd v. White, 11 Texas, 346; San Antonio v. Lewis, 9 Texas, 71; Swift v. Herrera, 9 Texas, 263; Wright v. Thompson, 14 Texas, 558; Beale v. Ryan, 40 Texas, 399; Teal v. Terrell, 58 Texas, 257; Cook v. Dennis, 61 Texas, 246.

2. The court erred in that part of its charge to the jury wherein it says, "to entitle plaintiff to recover she must show a valid good title superior to all others, not only against defendants but all other parties," ·said charge not being applicable to the case, and being calculated to mislead the jury, there being no plea or evidence showing or tending to show any superior outstanding title. Cook v. Dennis, 61 Texas, 246; Andrews v. Smithwick, 20 Texas, 111; Austin v. Talk, 20 Texas, 165.

*Waldert & Johnson,* and *Whitaker & Bonner,* for appellees.— 1. When one of the links in the plaintiff's chain of title is a question of heirship, put in issue by a general denial, it is not error for the court to submit to the jury whether the plaintiff has shown a regular chain of title from the sovereignty to himself. It does not follow because the court may with· draw the question from the jury that it will be error not to do so. Gilkey · v. Peeler, 22 Texas, 663; Rogers v. Broadnax, 24 Texas, 538.

2. An erroneous charge to be ground for reversal must be shown to have produced actual or probable injury to the appellant. Mills v. Ashe, 16 Texas, 295; Hollingsworth v. Holshousen, 17 Texas, 41; Loeper v. ,Robinson, 54 Texas, 510; Thomas v. Dashiell, 55 Texas, 508; Railway v. Delahunty, 53 Texas, 206.

3. The mere fact that a charge embraces matter not applicable to the case is not sufficient to work a reversal. An erroneous charge must have produced actual or probable injury to the appellant to cause a reversal. Mills v. Ashe, 16 Texas, 295; Hollingsworth v. Holshousen, 17 Texas, 41; Loeper v. Robinson, 54 Texas, 570; Thomas v. Dashiell, 55 Texas, 508; Railway v. Delahunty, 53 Texas, 206.

GAINES, Associate Justice.— This suit was brought by Susan V. Dunum to recover an undivided one-half interest in a parcel of land in the city of Tyler. She died during its progress, and her administrator and heirs made themselves parties. Judgment having gone against them, the administrator appeals. The petition was in the form provided by the statute for the recovery of land. The plaintiffs introduced in evidence a

regular chain of title from the State down to Ira Ellis, a deed from Ira Ellis to Craig Wren and John Tipps to the land in controversy, and the will of John Tipps devising all his property to his daughter Susan V. Tipps. They also introduced testimony to show that the original plaintiff was Susan V. Tipps; that she was married to one Dunum April 14, 1864; that he died in 1885, and that she died in 1889. It was also proved that the persons who after her death made themselves parties plaintiff as her sole heirs were in fact such.

The defendants, who had pleaded not guilty and the several statutes of limitation, showed regular chains of title to the parcels of lands respectively claimed by them from John Lucky and wife, dated in 1871. Whence Lucky derived his title does not appear. They also introduced evidence tending to show adverse possession of the land from a time previous to the marriage of Susan V. Dunum, and that the possession had been continuous until the bringing of the suit. The plaintiffs also introduced testimony tending to prove that the premises were never occupied until after the marriage in 1864.

The court charged the jury, among other things, as follows: "If the proof shows a title from the State of Texas down to Ira Ellis and a deed from Ira Ellis to Craig Wren and John Tipps, and by will duly executed devised by John Tipps to his daughter Susan V. Tipps, and you further find that the plaintiffs are the heirs of said Susan V. Tipps, you will find for plaintiffs an undivided one-half interest in said land, unless defeated by other portions of this charge."

The plaintiffs requested the court to give the following special instruction:

"The plaintiffs have introduced in evidence a regular chain of title from the State of Texas to Craig Wren and John Tipps, and the will of John Tipps bequeathing to his daughter Susan Victoria Tipps all of his estate, real and personal, by which plaintiff, if you find that she is the said Susan V. Tipps, became the owner of an undivided half interest in and to the three acres sued for; and the defendants having introduced no proof divesting her of said title, you will find for plaintiffs unless the defendants show title by reason of limitations."

It is assigned that the court erred in giving the former and in refusing the latter instruction. The court should charge the jury upon the legal effect of documentary evidence. Edwards v. Barwise, 69 Texas, 89; Cook v. Dennis, 61 Texas, 246. The charge given, however, is correct as a legal proposition, and made it requisite for the plaintiffs to ask a more specific instruction upon the point if they deemed it necessary for a fair presentation of their case. The charge requested is not strictly applicable, because it treats the case as if Susan V. Dunum was still the plaintiff. This was but an unimportant clerical error, and the court should have modified the charge and given it, or should have given its substance in another instruction and made it applicable to the facts. The requested charge was sufficient to

call the court's attention to the propriety of instructing the jury that the evidence showed that the legal title to an undivided one-half interest in the land in controversy was in Susan V. Tipps at the date of her father's death. The real issue in the case was whether the defendants had established their defense of limitation. There being upon that issue of fact a decided conflict of testimony, and the jury having been left to pass upon the title of the plaintiffs without instructions as to the legal effect of the conveyances in evidence, it is impossible to say that the failure to give the proper instructions has not operated to their prejudice. We think, therefore, that the judgment should be reversed.

Appellant's bills of exception in regard to the admission of testimony were incorporated in the statement of facts, which was not filed until after the court had adjourned for the term. Therefore they can not be considered. But in view of another trial we consider it proper to say that we do not see that testimony in reference to the nonpayment of the note given by Wren and Tipps for the purchase money of the land was relevant to any issue in the case. There was no lien reserved in the deed from Ira Ellis to them.

The following portion of the court's charge is complained of: "To entitle plaintiff to recover she must show a valid, good title, superior to all others, not only against defendants but against all other parties." Though correct in the abstract the instruction was misleading, because it was not applicable to the evidence. There was no evidence tending to show that any one else had title except the plaintiffs and the defendants. The plaintiffs showed title in themselves if not defeated by the adverse possession of defendants and of those under whom they claim.

The court did not err in giving special charges requested by defendants. They correctly presented the law as to limitation and were applicable to the evidence.

There are other questions presented by appellant's brief, but they will not arise upon another trial and need not be considered.

*Reversed and remanded.*

Delivered December 2, 1890.