### AMANDA M. ELLIS, EXECUTRIX, v. GEORGE W. LITTLEFIELD.

Decided January 10, 1906.

**1.—Appeal—Conflicting Evidence.**

A verdict supported by sufficient evidence will not be reversed because there was conflicting testimony.

**2.—Note—Extension of Time—Charge.**

A charge upon extension of time for payment of a note by letter, which ignored the condition of payment of interest contained therein, was properly refused.

**3.—Same—Written Instrument—Question of Law.**

The effect of a written communication as an extension of time for payment of a note was for the court, and the question should not have been left to the jury.

**4.—Extension of Payment—Interest—Evidence.**

On the issue whether a proposal to extend time for payment of a note was absolute, or only conditional on payment of interest in advance, a charge that, in the absence of agreement interest was not due in advance was properly refused as irrelevant to the issue.

**5.—Charge—Harmless Error.**

Where the jury has found against defendant's claim that there was an agreement to extend time upon a note, the refusal of a charge upon the effect of plaintiff's refusal to recognize that agreement in relieving defendant from a compliance with its conditions as to payment of interest became immaterial.

**6.—Plea in Abatement—Verdict.**

A verdict for plaintiff which, under the charge given, could only have been reached by first deciding against defendants on their plea that the suit, by reason of an extension of time on the note sued on, was prematurely brought, sufficiently disposed of such plea without a specific finding against defendants thereon.

**7.—Executrix—Personal Note—Liability of Estate.**

The estate of a decedent may be held liable on a note given by the executrix personally, where it was for money borrowed and used for the benefit of the estate.

**8.—Charge.**

Instruction held to leave issue to the jury upon consideration of the whole evidence and not of a part merely.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

The instructions of the court upon the issues presented by defendants plea in abatement and the form of their verdict thereon were as follows:

"On the issue of the alleged extension of the time of payment of the note in suit, as pleaded by defendants, you are instructed that if you find from the evidence that on or about December 25, 1904, the plaintiff and defendant C. G. Ellis mutually agreed that the time of payment of the note in suit should be extended until November 15, 1905, or until any other date, not earlier than November 15, 1905, provided that W. R. Hamby, the cashier of the American National Bank, should agree thereto, and if you further find from the evidence that the said W. R. Hamby did thereafter agree to such extension, if any such there were, you will find in defendant's favor on their plea in abatement and say by your verdict, 'We, the jury, find for the defendants on their plea in abatement.' But if you do not find that such agreement was made between plaintiff and the defendant C. G. Ellis, and that such agreement was subsequently assented to and concurred in by said W. R. Hamby, you will find against the defendants on their plea in abatement, and so say by your verdict.

"If you find against the defendants on their plea in abatement heretofore submitted to you, you will return a verdict for plaintiff and say, 'We, the jury, find for the plaintiff and against the defendants Amanda

M. Ellis, as executrix of the estate of L. A. Ellis, deceased, and C. G. Ellis and Leigh Ellis the sum of nineteen thousand and ninety-six ($19,096) dollars being the amount of principal, interest and attorney's fees due upon the note sued on; and we further find that plaintiff has a chattel mortgage lien upon the one hundred and thirty shares of capital stock of the American National Bank of Austin, Texas, as described in his petition herein, to secure the payment of said note, and that plaintiff is entitled to have said lien foreclosed and said bank stock sold to pay said indebtedness.' "

*W. B. Carrington* and *Eugene Williams*, for appellant.—Where the evidence is undisputed the court should charge the jury peremptorily. Willis v. Whitsitt, 67 Texas, 676; Wright v. Hardie, 30 S. W. Rep., 676; Hedgpath v. Robertson, 18 Texas, 871.

A local or commercial custom to pay interest in advance must be pleaded. Norwood v. Alamo, 13 Texas Civ. App., 479; Anderson v. Rogge, 28 S. W. Rep., 106; 12 Cyc. of Law, 1059, 1097.

The court erred in refusing to charge the jury, as requested by defendants, that "if they believe Littlefield and Ellis agreed to an extension of the note in suit when they met December 25, 1904, subject only to the agreement of Gen. Hamby, then if you believe in his letter of December 27, 1905, Littlefield agreed after consulting Gen. Hamby, that the note might be extended until the fall of 1905, you will find for the defendant that this suit was brought before the note was due." Parker v. Chancellor, 78 Texas, 528; McGown v. International & G. N. Ry., 85 Texas, 293; Washington v. Missouri, K. & T. Ry., 90 Texas, 320.

The court erred in refusing to charge the jury as requested by the defendants, that interest does not become due on a loan or extension of a loan until such loan or extension becomes due unless an agreement to pay interest in advance is made. 16 Am. & Eng. Ency. of Law, 1002 (d); Tanner v. Dundee, etc., Co., 12 Fed. Rep., 646.

The court erred in refusing to charge the jury, as requested by defendants, that if plaintiff agreed to the extension of the note in suit until the fall of 1905, then plaintiff's statement in its letter of January 24, 1905, that the note must be paid, and not extended, would relieve defendants from paying interest, if willing to pay it, until plaintiff acknowledge the agreement to extend the note as defendants were entitled to three days grace, that is until January 27, 1905; before demand for interest could have been lawfully made. Three days of grace on bills and notes. Tinsley v. Smith, 25 S. W. Rep., 64; Cox v. Reinhardt, 41 Texas, 592.

The court erred in entering judgment on the verdict because the verdict was defective in failing to dispose of the issue submitted to them in the court's charge to find for, or against, defendants on their plea in abatement whether the debt sued on herein had been extended as claimed in said plea. Where the only defense submitted is a plea in abatement the defendant is entitled to have it passed upon by the jury. Howeth v. Clark, 19 S. W. Rep., 433.

To bind the estate of L. A. Ellis, because the money borrowed on the note was used for its benefit, suit must have been brought upon a

demand in the nature of a count for money had and received, and not upon the note itself. Price v. McIver, 25 Texas, 771; Adriance v. Crews, 45 Texas, 182.

Error to group facts tending to mislead jury. Swan v. Larkin, 8 Texas Civ. App., 423; New York & T. Ld. Co. v. Gardner, 25 S. W. Rep., 739.

*James H. Robertson,* for appellee.—The court did not err in refusing the charge copied in the second assignment; the same was a charge upon the weight of the evidence; it authorized the jury to disregard that part of the letter referred to therein which expressed the condition upon which the offer to extend the time of maturity of the notes was based; the charge was not a correct charge upon the facts in the case, and if it had been given would have misled the jury to appellee's injury. Goodbar v. City National Bank, 78 Texas, 472; Wood v. Chambers, 20 Texas, 253; Castro v. Illies, 22 Texas, 503, 504; Burcham v. Gann, 1 Posey's U. C., 345; Hammond v. Coursey, 2 Posey's U. C., 33.

The court having directed the jury if they found that an agreement to extend the time of maturity of the note in suit had been made to find for defendants on their plea of abatement; and having further directed the jury "if you find against the defendants on their plea in abatement hereinbefore submitted to you, you will return a verdict for the plaintiff" . . . directing the form of verdict to be rendered in case they found for plaintiff; and the jury having rendered a verdict in the form directed by the court, necessarily found against said plea; and the verdict, comprehending as it did the whole issue submitted, the court did not err in rendering judgment thereon. Garrett v. Robinson, 93 Texas, 406; Harkey v. Cain, 69 Texas, 146; Alamo Fire Ins. Co. v. Schmitt, 10 Texas Civ. App., 554.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought in the court below by appellee against appellants Amanda M. Ellis, as independent executrix of the estate of L. A. Ellis, deceased, C. G. Ellis and Leigh Ellis, on a note payable to appellee in the sum of $17,062, of date April 20, 1904, due on its face June 21, 1904, bearing ten percent interest after maturity, and providing for ten percent attorney's fees, if placed in the hands of an attorney for collection, secured by 130 shares of stock of the American National Bank of Austin.

Appellee alleged the maturity of the note June 21, 1904, and the extension of the note until January 24, 1905, and its maturity at that time, and prayed for judgment and interest at ten percent from that date, with ten percent attorney's fees upon the principal and interest, together with foreclosure of the lien upon the 130 shares of stock in the American National Bank.

Appellants filed their special appearance in the form of a plea in abatement, alleging under oath that the note first matured June 21, 1904, and for valuable consideration was extended to January 24, 1905, and that before falling due on said last named date, for valuable consideration, it was extended until fall, meaning November 15, 1905; that suit thereupon by petition filed February 17, 1905, was premature and should

be abated. A plea in abatement under oath, alleging that Mrs. Ellis was not liable as executrix was also filed. These, together with other pleadings, including a general denial and special answers to the same effect as the pleas in abatement, were submitted to the jury upon final trial.

Appellee filed a supplemental petition, denying that the note was extended until fall, or meaning November 15, 1905; that its extension until January 24, 1905, was the last extension and that the note matured on said last named date.

Upon a trial had before the court and a jury a verdict and judgment was rendered and entered in favor of appellee against appellants for the principal, interest and attorney's fees upon said note, aggregating $19,096, with a foreclosure of the chattel mortgage lien upon the 130 shares of the capital stock of the American National Bank.

Appellants' first assignment of error complains of the action of the court below in refusing to give to the jury a peremptory instruction to return a verdict for the defendant, upon the ground that the undisputed testimony showed that the time of payment of the note sued upon had been extended to the 15th of November, 1905. We do not agree with appellants in this contention. We think there was a conflict in the testimony upon this question, and that it preponderated in favor of there being no completed agreement for an extension of the time of payment of the note.

There was no error in the action of the court below in refusing to give to the jury the special charge requested by appellants, and set out in their second assignment of error. The charge of the court fully and fairly submitted to the jury the issue of the extension of the note, as raised by the pleadings and evidence. This special charge was objectionable, in that it authorized the jury to ignore that part of the letter of the 27th of December, 1904, which informed defendants that the bank was willing to carry the note until next fall, provided the interest was paid up promptly, and that part of said letter which stated, in substance, that the amount of money demanded would extend the note until the 24th of January, 1905. Said special charge is objectionable for the further reason that it authorized the jury to construe the legal effect of said letter, which was improper; and in our opinion the language of said letter does not disclose an agreement or manifest a present intention to extend the time of payment of said note beyond the 24th of January, 1905.

Appellants' third assignment of error is not well taken. There was no issue raised, either by the pleadings or evidence as to whether the interest to accrue during the period of the extension claimed, was to be paid in advance. If there was an extension it would be binding on appellee, in the absence of any agreement as to when the interest should be paid. The evidence as to the requirement by the bank of the payment of interest on loans in advance was admissible, and introduced only for the purpose of showing the improbability of appellee's or the bank's agreeing to the extension claimed by the appellants.

Appellant's third proposition under this assignment is not germane to the assignment, in that the assignment complains of the action of the court in refusing to give a special charge, and the proposition complains of the admission of testimony without a basis therefor in the

pleadings; and a further reply to this proposition is, there was no objection to the admission of the evidence.

We overrule appellants' fourth assignment of error, because the special charge refused did not embody a correct principle of law; and, as stated before, there was no issue involved in the case as to when the interest on the extension claimed was to be paid. And, further, the jury having found that there was no agreement to extend the time of the payment of the note, it became unimportant as to when the interest was to be paid.

Appellants by their fifth assignment of error contend that the court erred in entering judgment on the verdict, because the verdict was defective in failing to dispose of the issue submitted to the jury in the court's charge to find for or against defendants on their plea in abatement, whether the debt sued on herein had been extended, as claimed in said plea. The court instructed the jury that if they found that there was an agreement to extend the note, to find in defendants' favor on their plea in abatement, and gave a form for their verdict; and further instructed them that if they found against the defendants on their plea in abatement, they should return a verdict for plaintiff, and gave a form for such verdict. The verdict of the jury is as follows:

"We, the jury, in case No. 22578, find for the plaintiff and against the defendants, Amanda M. Ellis, as executrix, of the estate of L. A. Ellis, deceased, and C. G. Ellis and Leigh Ellis, the sum of nineteen thousand and ninety-six ($19,096) dollars, being the amount of principal, interest and attorney's fees due upon said note sued on; and we further find that plaintiff has a chattel mortgage lien upon the one hundred and thirty shares of capital stock of the American National Bank of Austin, Texas, as described in his petition herein, to secure the payment of said note, and that plaintiff is entitled to have said lien foreclosed, and said bank stock sold to pay said indebtedness."

Under the instructions of the court, the jury could not have found this verdict without first passing upon and finding against appellants' plea in abatement, because they were expressly directed that before they could find for plaintiff they must find against appellants on their plea in abatement. The verdict rendered, when construed in connection with the charge of the court, necessarily passed upon and comprehended the issues submitted and is sufficient. (Garrett v. Robinson, 93 Texas, 406; Harkey v. Cain, 69 Texas, 146; Alamo Fire Insurance Co. v. Schmitt, 10 Texas Civ. App., 554.)

By their sixth assignment of error, appellants insist that the court below erred in charging the jury to find against Mrs. Amanda M. Ellis as executrix of the estate of L. A. Ellis, deceased. Appellee alleged in his petition "that the said note, while not disclosing the fact on its face, was, in fact, executed by the defendant Amanda M. Ellis as executrix of and for the estate of L. A. Ellis, deceased, and the same is her act as such executrix, the money secured by the execution of said note being borrowed from petitioner for the benefit of said estate, and for use in the interests of said estate in conducting said plantation, and she as such executrix and the estate of L. A. Ellis, deceased, is liable therefor.

"That by reason of the execution and delivery of said note, as aforesaid, defendant Amanda M. Ellis, as executrix of the estate of L. A.

Ellis, deceased, and said estate, as well as the other defendants, became jointly and severally justly indebted, liable and bound to pay petitioner, at the American National Bank of Austin, in Austin, Texas, $17,062 on June 21, 1904, with interest thereon after maturity at the rate of ten percent per annum and ten percent in addition thereto on all principal and interest due upon said note, if placed in the hands of an attorney for collection, as attorney's fees." And the undisputed testimony, together with the admissions of record, made by appellants, sustain these allegations. Hence there was no error in the action of the court complained of by this assignment.

The charge of the court below is not subject to the criticisms of appellants contained in their seventh assignment of . error. Appellants' contention, as manifested by their pleadings and evidence, and as presented by argument in their brief being that the conversation between appellee and C. G. Ellis in the bank on Christmas day was in effect, an agreement to extend the note sued on until November 15, 1905, provided General Hamby approved of the extension; and the charge of the court having fully and fairly submitted to the jury the issue upon which this contention is based, leaving them free to consider all the evidence adduced relating to such issue, the same was proper and sufficient.

There being no reversible error shown in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.