UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA v. LUCK. (No. 5699.)

(Court of Civil Appeals of Texas. Austin. Nov. 8, 1916. Rehearing Denied Dec. 13, 1916.)

1. TRIAL ☞136(3)—QUESTIONS FOR COURT—CONSTRUCTION OF WRITTEN INSTRUMENT.

It is the court's duty to construe a written instrument, and a special charge, requiring the jury to determine the legal effect of such instrument, is error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 326; Dec. Dig. ☞136(3).]

2. APPEAL AND ERROR ☞1175(5) — DISPOSITION OF CASE—UNCONTRADICTED EVIDENCE.

Where the uncontradicted evidence showed that a member of a fraternal order had been more than three months in arrears with his dues and had paid up his arrearage less than three months prior to his death, which, under the constitution of the order, prevented his being a member in good standing and entitled to a death donation, the court, on reversing a judgment for the beneficiary of the member for error in sub-

mitting the interpretation of the constitution to the jury, can render judgment for the order.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4579; Dec. Dig. ☞1175(5).]

Appeal from Travis County Court; Wm. Von Rosenberg, Jr., Judge.

Action by Mary Luck against the United Brotherhood of Carpenters and Joiners of America. Judgment for the plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

W. A. Gordon, of Austin, for appellant.

RICE, J. Louis Luck, during his lifetime was a member of one of appellant's local unions No. 526, situated at Galveston, Tex. After his death, which occurred on June 7, 1914, his mother, appellee herein, claiming to be his legal beneficiary, brought this suit to collect from appellant, a fraternal order, his funeral donation of $200, alleging that he was a member in good standing in such order at the time of his death, by reason of which she, as such beneficiary, was entitled to recover such funeral donation. The appellant filed a general denial, and, specially answering, resisted payment on the ground that appellee was not entitled to recover because her son Louis was in arrears to said order at the time of his death. A jury trial resulted in a verdict and judgment in behalf of appellee, from which this appeal is prosecuted. Section 109 of the constitution of said order, which was introduced in evidence, provides that:

"When a member owes a sum equal to three months' dues he is not in good standing and is thereby suspended from all donations in the interim, and will not again be entitled to donations until three months after his arrearages are paid in full, including the current month."

The uncontradicted testimony showed that on February 1, 1914, Louis Luck owed a sum equal to three months' dues; that he did not pay up his arrearages in full, including the current month, until March 27, 1914; that he died on June 7, 1914, which was before his right to a donation had accrued under said section of the constitution. The court submitted to the jury but one special issue, which is as follows:

"Was the deceased, Louis Luck at the time of his death a member in good standing in the United Brotherhood of Carpenters and Joiners of America, as defined in section 109 of its constitution?"

Appellant objected to this charge on the ground that it left it to the jury to interpret, construe, and declare the legal effect of section 109 of said constitution, which was the exclusive province of the court and not the jury. In this connection the appellant requested and the court refused to give the following special charge, to wit:

"Was the said Louis Luck indebted to the Houston local union on February 1, 1914, in a sum equal to three months' dues? Second. If you answer question No. 1 in the affirmative,

then state at what date did the said Louis Luck pay up all arrearages in full, including the current month, to said Houston local union."

Appellant excepted to the refusal to give this special charge, reserving its bill.

[1] It is the duty of the court to construe and interpret a written instrument, and a special charge, requiring the jury to pass upon the legal effect of such instrument, is error. See Shepherd v. White, 11 Tex. 358; Berry v. Harnage, 39 Tex. 650; City of San Antonio v. Lewis, 9 Tex. 69; Cook v. Dennis, 61 Tex. 249; Quebe v. G., C. & S. F. Ry. Co., 77 S. W. 443; Ivey v. Williams, 78 Tex. 687, 15 S. W. 163; Daughtrey v. Knolle, 44 Tex. 457. The court, therefore, erred in refusing to give appellant's special instruction above set out.

[2] Appellant insists that we should reverse and render the judgment, because the uncontradicted evidence showed that Louis Luck was in arrears for more than three months, including the current month, at the time of his death, which was not paid in full until the 27th day of March, 1914, his death having occurred on the 7th of June next thereafter, less than three months from the date of said payment, for which reason, it is claimed, he had forfeited his right to a funeral donation, and appellee was therefore not entitled to recover; and it is insisted that this is true notwithstanding the fact that the working cards, introduced in evidence over appellant's objection, recited that he was a member in good standing, because the section of the constitution above quoted controls, and could not, under the facts of this case, be overridden by such recitation.

We agree with this contention, and hold that the judgment of the court below should be reversed and here rendered for appellant, which is accordingly done.

Reversed and rendered.