BECKER et al. v. GANS. (No. 6994.)

(Court of Civil Appeals of Texas. Austin. June 23, 1926. Rehearing Denied Oct. 4, 1926.)

1. Executors and administrators ⊜⟶124—Estate held liable for loan made by duly qualified executor on showing made by claimant.

Estate *held* liable for proceeds of note executed by coexecutor where claimant showed that, at time money was borrowed, there were past-due debts owing by estate, that estate did not have sufficient funds to pay them, and that money was loaned to and received by the estate or its duly qualified executor.

2. Executors and administrators ⊜⟶98.

One lending money to independent executor of estate owing past-due debts, need not further show that executor used the money to pay the debts to recover on loan contract.

3. Bills and notes ⊜⟶63—Facts held to show that deceased, by placing note in envelope containing plaintiff's securities and accounting therefor to her, delivered note to plaintiff.

Where deceased kept plaintiff's securities in envelope marked as her property, and note payable to her was deposited therein and marked by him and listed as her property when he accounted to her, *held* that note was delivered to plaintiff.

4. Bills and notes ⊜⟶537(2).

Delivery of note is usually a question of fact.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by Mrs. Bertha Gans against Hermann Becker and others, executors. Judg-

ment for plaintiff, and defendants appeal, and plaintiff cross assigns error. Affirmed.

Hart, Pattersom & Hart, of Austin, for appellants.

Charles Rogan, of Austin, for appellee.

BLAIR, J. With the exception of two questions, the appeal involves the same issues as were this day determined by us in cause No. 6995, Hermann Becker et al., Executors, v. American National Bank, 286 S. W. 889.

The two cases were tried below at the same time, and were presented together in this court. Our conclusions of fact and law in that case on the same issues need not be restated, but we refer to that case for a statement of them, and adopt them as our conclusions of fact and law in this case. Appellants' brief states with reference to additional matters involved in this case, that:

"The facts of this case, which are different from and additional to those in cause 6995, relate to the probable use made by Fiset of the money represented by the note, and to the delivery of the note to appellee."

Appellee, Mrs. Bertha Gans, sued appellants as independent executors of the estate of Chas. Wolf, upon a note for $4,000, dated May 31, 1917, payable to her and signed, "Franz Fiset, Executor Estate of Chas. Wolf, Dec'd."

For many years prior to the execution of the note, Fiset was the agent of appellee in loaning and collecting money which she had placed in his hands for that purpose. He kept her securities in envelopes marked "property of Mrs. Bertha Gans," and the note in suit was so deposited and marked by him. He listed the note as her property, when accounting to her. He paid the annual interest as it became due on the note, out of the estate's money, on checks signed "Franz Fiset, Executor Estate of Chas. Wolf, Dec'd." He had on hand on the date the note was executed $4,382.04, belonging to Mrs. Gans, which he was authorized to reinvest for her. The Wolf estate at the time of the execution of the note owed debts exceeding $13,000, including $3,-061.58 city taxes for year 1918, which were then delinquent. The trial court found that on the day the note was executed the "Franz Fiset, Executor of Chas. Wolf, Dec'd," account had to its credit less than $50. Appellants contend that the account showed a balance of $663.63 on that day. The discrepancy is immaterial, since neither sum would pay any appreciable amount of the estate's debts. The $4,000 was not deposited to the executor account; but on the date the note was executed Fiset paid the $3,061.58 due the city for taxes. What became of the balance of the $4,000 represented by the note was not shown.

[1, 2] Neither of the additional issues raised in this case is sustained. Appellee showed that at the time the money was borrowed there were past-due debts owing by the estate; that the estate did not have sufficient funds to pay them; that the money was loaned to and received by the estate or its duly qualified executor, which fixed the liability of the estate for the loan. One, lending money to an independent executor of an estate owing past-due debts, need not further show that the executor used the money to pay the debts in order to recover on the loan contract. Danish v. Disbrow, 51 Tex. 241; Sanger v. Moody, 60 Tex. 102; Cooper v. Horner, 62 Tex. 356; Faulk v. Dashiell, 62 Tex. 642, 50 Am. Rep. 542; Altgelt v. Bank (Tex. Civ. App.) 79 S. W. 582; Ellis v. Littlefield, 41 Tex. Civ. App. 318, 93 S. W. 171; Stevenson v. Roberts, 25 Tex. Civ. App. 577, 64 S. W. 230; Prieto v. Leonard, 32 Tex. Civ. App. 205, 74 S. W. 41; Blanton v. Mayes, 58 Tex. 422; Tomlinson v. H. P. Drought & Co. (Tex. Civ. App.) 127 S. W. 262.

[3, 4] We also think the facts above detailed constituted a delivery of the note by Fiset to Mrs. Gans. Delivery is usually a question of fact. The trial court found upon the facts above detailed that the note was delivered. We sustain that finding.

We make the same disposition of appellee's cross-assignment with reference to fundamental error as was made of that question in the companion case, supra.

The judgment of the trial court will be affirmed.

Affirmed.

McCLENDON, C. J., did not sit in this case.