McCOY et al. v. DOLPH CONST. CO. et al.

No. 2723.

Court of Civil Appeals of Texas. Waco.

June 26, 1947.

Herbert Marshall and Strasburger, Price, Holland, Kelton & Miller, all of Dallas, for appellants.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellees.

LESTER, Chief Justice.

Appellees Dolph Construction Company et al. will be referred to as plaintiffs and W. P. McCoy as defendant.

Plaintiffs sued the defendant and Commercial Insurance Company as his surety for the sum of $571.71. The defendant, as sub-contractor, entered into a contract with plaintiffs, general contractor for this particular work, whereby the defendant agreed, in consideration of $7600, to do certain excavation and construct certain embankments in connection with the building of a water treatment plant for the United States government at Camp Maxey, Texas.

Plaintiffs say that the defendant failed to complete his contract in that he did not place certain dirt that came out of the excavation around the walls of the tanks that were constructed and that the plaintiffs had to complete the same at a cost of $571.71.

Defendant says that under his contract he was required to move the dirt only one time; that on account of the concrete of one of the larger tanks not being sufficiently cured to allow him to move the dirt up to and against the same as the dirt was excavated, he was forced to stockpile said dirt, and that under his contract he was under no duty to move it again without being paid extra therefor.

At the conclusion of the evidence the court instructed the jury to return a verdict in favor of the plaintiffs and against the defendant.

Defendant says that by such action the court committed error (1) because the undisputed evidence shows that the defendant performed his entire contract; and (2) that the contract between plaintiffs and the defendant was ambiguous and that the court should have submitted to the jury certain fact issues as to the intention of the parties at the time the contract was made.

■■ The fundamental rule pertaining to the construction of written instruments is that the intention of the parties must control. If a written contract is ambiguous, it becomes a question of fact as to what the intention of the parties was at the time it was entered into; but on the other hand, if the contract is clear and unambiguous and the intention of the contracting parties can be manifested by the instrument as a whole, then it becomes a question of law as to what the parties really intended, and it is the duty of the court to construe such instrument and there is no fact issue to be submitted to the jury as to the intention of the parties. Graham's Estate v. Stewart, Tex.Civ.App., 15 S.W.2d 72; Farmers Rice Milling Co., Inc., v. Standard Rice Co., Tex.Com.App., 276 S.W. 904, point 2; Moore v. Wooten, Tex.Com.App., 280 S.W. 742; Ellis v. Littlefield, 41 Tex.Civ.App. 318, 93 S.W. 171; United Brotherhood of Carpenters and Joiners of America v. Luck, Tex.Civ.App., 189 S.W. 1036; Tex.Jur., Vol. 10, pp. 272–276; Vol. 17 C.J.S., Contracts, § 294, p. 682; also see a. and b. § 295.

■ Section 4 of the original contract entered into between plaintiffs and defendant provides as follows, to-wit:

"No extra work or changes under this contract will be recognized or paid for unless agreed to in writing before the work is done or the changes made, in which writing shall be specified in detail the extra work or changes to be made, together with the price to be paid, or the amount to be deducted, as the case may be."

Soon after the defendant began work under his contract it was discovered that the walls of the three tanks would have to be raised in height 3.2 feet in order to get the proper flow of water. The army engineers ordered the change in specifications and the defendant signed a letter agreeing to the change, which letter was as follows:

"Dolph Construction Company and
"Homer A. Parks,
"511 Thomas Bldg.,
"Dallas, Texas.
"Gentlemen:
"Due to raising the elevation of site 3.2 feet; I feel that there would be no change in contract price, as the earth originally designated as waste will now be used in embankment.
"The original contract price and agreement will remain the same.
"Yours truly,
"(Signed)   W. P. McCoy."

The fact that the defendant, at the time he agreed to the changes in the specifica-

tions and that said changes would not result in any increase in price, did not know or anticipate that the concrete walls of said tanks would not be sufficiently cured so that the dirt could be placed against them at the time of the excavation, and that he would be required to stockpile it, cannot be considered, as he will not now be permitted to say that he did not intend that which he clearly and expressly agreed to do nor that he did not understand the legal effect of its terms.

Finding no reversible error, the judgment of the trial court is affirmed.