Bramell v. Cole.

---

BRAMELL *et al.* v. COLE *et al.*, *Appellants.*

Division One, December 1, 1896.

136   201
s146   80
136    201
e176 4 17

1. **Probate Courts:** ORDER OF PUBLICATION: TRUSTS. While probate courts can order the distribution of funds belonging to the estate of the deceased and for that purpose determine the persons entitled to receive them, they can not declare trusts in the estate distributed or impose conditions upon its use and disposition.

2. ———: ———. A probate court is without authority in an order of distribution to determine what interest a legatee takes under a will.

3. **Will:** LIFE ESTATE: POWER OF DISPOSITION. Where a life estate is expressly devised, a power of absolute disposition by the devisee will not be implied from the fact that the devise of the residue is that which remains after the death of the first-taker, where it also appears that the property may be diminished in the hands of the life tenant by the uses to which it may properly be applied.

4. ———: ———: ———.  A will construed and held that the widow took a life estate without any power of disposition.

5. ———: ———.  While the life tenant is ordinarily entitled to the income of the estate so held yet the rule is different where the manifest intention of the will is otherwise.

*Appeal from Henry Circuit Court.*—HON. JAMES H. LAY. Judge.

AFFIRMED.

*Edmond A. Nickerson* and *O. L. Houts* for appellant Cole.

(1)  The will of Calvin Atkins gave Margaret A. Atkins a life estate in the property he died possessed of with absolute power of disposal and any disposition she made of the property in her lifetime was a legal exercise of the power given her and vested a legal title in anyone to whom she gave it. *Harris v. Knapp,* 21 Pick. 416; *Davis v. Bobbs,* 20 Ohio St. 550; *Turner v. Timberlake,* 53 Mo. 371; *McKenzie's Appeal,* 19 Am. Rep. 525; *Reinders v. Koppelmann,* 68 Mo. 482; *Scholl's Appeal,* 2 Atl. Rep. 538; *Hazel v. Hagan,* 47 Mo. 277; *Harbison v. James,* 90 Mo. 411; *Lewis v. Pitman,* 101 Mo. 281; *Silvers v. Canary,* 9 N. E. Rep. 904; *Flanagan v. Flanagan,* 8 Abb. (N. C.) 413; *Clark v. Middleworth,* 82 Ind. 240. (2)  When a life estate is expressly given and with an implied power of disposition the disposal of the property by the tenant for life is a legal exercise of the power. Authorities *supra.*   (3) The phrase ''to go to her to have full control of the same as long as she lives and that after her death what is left'' are words of enlargement and confer an implied power of disposal in the tenant for life if exercised in her lifetime.  ·*Clark v. Middleworth,* 82 Ind. 240; *Roberts v. Lewis,* 153 U. S. 7; *Davis v. Bobbs,* 20 Ohio St. 550; *Harris v. Knapp,* 21 Pick. 416; *McKenzie's*

*Appeal*, 19 Am. Rep. 525. (4) The first clause in the will, "I will that my just debts be paid," "and the remainder that is left to go to my beloved wife, Margaret A. Atkins, during her natural lifetime, she to have the entire control of the same," and the second clause, in giving the personal property alone, "to go to her for her to have full control of the same as long as she lives, and then after her death what is left to go to A. W. Cole, etc." shows that the testator intended to give his widow absolute power of disposition over his estate. *Davis v. Bobbs*, 20 Ohio St. 550; *McKenzie's Appeal*, 19 Am. Rep. 525; *Reinders v. Koppelmann*, 68 Mo. 482; *Harris v. Knapp*, 1 Pick. 416; *Turner v. Timberlake*, 53 Mo. 371; *Scholl's Appeal*, 2 Atl. Rep. 538; *Hazel v. Hagan*, 47 Mo. 277. (5) The increase and accumulations of an estate are distinguishable from its *corpus*. The interest, accumulations, and increase produced from the funds of this estate over and above the amount that came into the hands of Margaret A. Atkins on final settlement became her own absolute property, and at her death, vested in her legal representatives and not in the distributees under the will. *Braswell v. Morehead*, 57 Am. Dec. 586; *Lewis v. Davis*, 3 Mo. 133; *Harris v. Knapp*, 21 Pick. 416; *Munro v. Collins*, 95 Mo. 33; *Scholl's Appeal*, 2 Atl. Rep. 538; *Hambright's Appeal*, 2 Grant Cases, 320; *Faden v. Faden*, 1 Head, 444; *Lutphen v. Ellis*, 35 Mich. 446; *Scoree v. Korsiett*, 5 Redf. 121. (6) It is, however, unnecessary for this court to construe this will. It was construed by the probate court of Moniteau county, Missouri, and the rights of the parties to this suit determined by the final judgment of that court. R. S. 1889, secs. 239, 246, 228, and 285; *Freeland v. Wilson*, 18 Mo. 380; *Dyer v. Carr's Executor*, 18 Mo. 246; *State to use v. Anthony*, 30 Mo. App. 638; *In re Estate of Elliott*, 98 Mo. 379.

*A. B. Logan* and *James Parks & Son* for respondents.

(1)   In construing wills, the pole-star of construction or exposition of a will, the meaning, the intention of the testator is never to be lost sight of. *Munro v. Collins*, 95 Mo. 33; *Small v. Field*, 102 Mo. 104; *Long v. Timms*, 107 Mo. 512; *Murphy v. Carlin*, 113 Mo. 112.   (2)   The intention of the testator must be gathered from the will itself, not from particular words, phrases, or clauses, but from the whole instrument and every part thereof, taken as a whole. *Nichols v. Boswell*, 103 Mo. 151; Jarman's Rules of Construction, 7; Schouler on Wills, sec. 492, and note, page 524. (3)   Where there is nothing equivocal or uncertain in the language of the will, proof of the circumstances surrounding the testator remains unimportant, and hence inadmissible. *Nichols v. Boswell*, 103 Mo. 151; Schouler on Wills [2 Ed.], sec. 580.   (4)   An absolute power of disposition over property, conferred by will and not controlled by any provision or limitation, amounts to an absolute gift of the property; but where a life estate only is expressly given, the rule is otherwise. *Rubey v. Barnett*, 12 Mo. 1; *Gregory v. Cowgill*, 19 Mo. 415; *Wommack v. Wommack*, 58 Mo. 456; *Lewis v. Pittman*, 101 Mo. 281.   (5)   And where a life estate is expressly given by a will, the same will not be converted into a fee by mere words of implication, unless the manifest general intent of the testator requires it. *Gregory v. Cowgill*, 19 Mo. 415; *Lewis v. Pittman*, 101 Mo. 281.   (6)   And where an express life estate is created by the will, an added power of disposition does not convert it into a fee. *Lewis v. Pittman*, 101 Mo. 281; *Munro v. Collins*, 95 Mo. 33.   (7)   Where a power of disposal accompanies a bequest or

devise of a life estate, the power is limited to such disposition as a tenant for life can make, unless there are words clearly indicating that a larger power is intended. *Riggins v. McClellan*, 28 Mo. 23; *Foote v. Saunders*, 72 Mo. 616; *Gaven v. Allen*, 100 Mo. 293; *Brant v. Coal Co.*, 93 U. S. 326; *Giles v. Little*, 104 U. S. 291; *Smith v. Bell*, 6 Peters, 74; *Jones v. Jones*, 28 N. W. Rep. 177; *Miller v. Potterfield*, 86 Va. 876; *Kaufman v. Breckenridge*, 117 Iowa, 305; Schouler on Wills [2 Ed.], sec. 559. (8) The use in the will of such phrases as "what is left," etc., do not raise or imply the power of disposition. *Gregory v. Cowgill*, 19 Mo. 415; *Riggins v. McClellan*, 28 Mo. 23; *Reinders v. Kopplemann*, 68 Mo. 482; *Foote v. Saunders*, 72 Mo. 616; *Munro v. Collins*, 95 Mo. 33; *Lewis v. Pittmann*, 101 Mo. 281; *Schorr v. Carter*, 120 Mo. 409; *Smith v. Bell*, 6 Peters, 74; *Brant v. Coal Co.*, 93 U. S. 326. (9) As to testate estates, a probate court has no inherent jurisdiction to decide who are entitled as legatees under the will. Schouler's Executors and Administrators [1 Ed.], top page 619, sec. 527; *Church v. Robberson*, 73 Mo. 326.

MACFARLANE, J.—Calvin Atkins resided in Moniteau county, and died there in March, 1884, leaving a will as follows:

"First.

"I will that all my just debts be paid at as early a day as practicable, and the remainder that is left, to go to my beloved wife, Margaret A. Atkins, during her natural lifetime; she to have the entire control of the same, it consisting of the following real estate: The west half of the northeast quarter of section No. 23 (twenty-three), in township 44 (forty-four), north of range 2 (two), west, containing eighty acres, more or less; it being the same that we now reside upon, and all other lands that I may have any claim to and upon,

in any wise, and also all moneys, cash, notes, or bonds, and evidence of debts of every description whatsoever, and also all my personal property and effects of all description and effects of all kinds, to go to her, for her to have full control of the same as long as she lives and that after her death, what is left to go to A. W. Cole and Louisa Bramell and her children, legal heirs of her body, share and share alike, that is to say, the said A. W. Cole and Louisa Bramell, wife of Washington Bramell, is to share equal to any one of the children of the said Washington and Louisa Bramell and no more; and I further revoke all former wills of every description whatsoever and publish this as my last will and testament.  And my will is that my beloved wife, Margaret A. Atkins, shall act as my executor of my entire estate both real and personal of every description whatsoever.

"Signed, dated, and delivered this August 21st day, A. D. 1866."

In the month of March, 1884, in the probate court of Moniteau county, Missouri, the will was probated, and Margaret A. Atkins, the widow of deceased, was appointed and qualified as executrix, and took charge of the estate of her deceased husband, Calvin Atkins. On April 8, 1884, she filed an inventory of the estate, showing the aggregate assets thereof to be $54,780.52, consisting exclusively of promissory notes.  After making an annual settlement, on the fifteenth day of April, 1886, she gave notice of final settlement according to law and in pursuance therewith, on the tenth day of May, 1886, she made proof of publication and presented her settlement to the said probate court, showing a balance due the estate of $39,210.59.  On the same day, the court approved the settlement and made this order:

"Estate of Calvin Atkins, deceased.—Now at this day it is ordered by the court, that Margaret A. Atkins, executrix of said estate and widow of said deceased, and sole legatee in the will of said Calvin Atkins, retain as her interest under said will all the money, notes, accounts, and choses in action, remaining in her hands on final settlement of said estate."

In pursuance of this order Mrs. Atkins took possession of the balance of the estate and used it until her death. With a portion of it, and of the interest and accumulations thereon during the years 1887 and 1889, she purchased the lands in question. Mrs. Atkins died February 8, 1892, leaving as her sole heirs at law defendant Alstorfus W. Cole, and plaintiff Louisa Bramell. These heirs I understand were children by a former husband.

During her life Mrs. Atkins conveyed to certain children of Louisa Bramell, respectively, portions of said real estate and retained the title and possession of the remainder, consisting of several hundred acres, until her death. These conveyances, we understand, were without valuable consideration.

Some time after the death of Mrs. Atkins, this suit was commenced by Louisa Bramell and certain of her children by Washington Bramell, against defendant Cole and certain other children of said Louisa and Washington Bramell, who were minors.

The petition states the foregoing facts and charges that under the provisions of the will Mrs. Atkins received this balance as trustee for plaintiffs and defendants, subject only to her control during her natural life and to her reasonable support and maintenance out of the income and profits thereof. It further charges that the real estate before mentioned was purchased by Mrs. Atkins with a portion of this fund, and that the defendant Cole and plaintiff Louisa Bramell,

as sole heirs of Mrs. Atkins, hold the legal title to this land in trust for the plaintiffs and defendants.    It then asks the court to declare the trust as charged.

Defendant A. W. Cole answered separately.    He admitted the facts as hereinbefore set out and the relation of the parties, plaintiff and defendant, as set out in the petition and denied the other allegations of the petition.    He set up the approval of the final settlement and order of distribution of the probate court of Moniteau county, Missouri, as a former adjudication of all the questions and issues involved in this suit, charged that it concluded the parties herein, and that under the said order he and Louisa Bramell, as sole heirs of Margaret A. Atkins, deceased, were the owners of the lands in question and as such entitled to partition, each to receive one half thereof, and for which he prayed judgment.

He further claimed in his answer that Margaret A. Atkins, under the terms and provisions of the will, had full power of disposition of all the property of said Calvin Atkins by him devised, and the right to invest the same in lands or in any manner she saw proper, with full power of disposition over the same during her lifetime.    He also claimed and set up in his answer that under the terms of the will the increase, interest, and accumulations produced from the fund over and above the amount that came into her hands on final settlement became her absolute property as life tenant and belonged and descended to her legal representatives and heirs, her administrator, himself, and the said Louisa Bramell, and not to the distributees under the will.

On the trial there was no substantial controversy over the facts.    The court found all the facts as charged in the petition and decreed that the title of all said land was held by the heirs and grantees of Atkins in trust

for the use of the devisees under said will, namely, A. W. Cole, Louisa Bramell, and the children of said Louisa and Washington Bramell, naming them. From the judgment A. W. Cole appealed.

I. The issues involve the construction of the will of Calvin Atkins, deceased. Appellant, however, insists, in the first place, that, whatever may be the proper construction of the will, the order of distribution made by the probate court of Moniteau county was conclusive upon the parties and adjudicated all the issues involved in this suit.

That the will in question only gave, in terms, to Margaret A. Atkins a life estate in the property of which the testator died possessed is conceded by appellant.

The order of the probate court, made upon final settlement, is "that Margaret A. Atkins, executrix of said estate, and widow of said deceased, and sole legatee in the will of said Calvin Atkins, retain as her interest under said will all the money, notes, accounts, and choses in action remaining in her hands in the final settlement of said estate."

Probate courts are given jurisdiction over the estates of deceased persons, and have power to pass upon final settlements of executors and administrators, and to order the distribution of the assets remaining undisposed of on final settlement, to those entitled thereto, whether they claim as heirs of an intestate, or as legatees under the will of a testator. An order of distribution will, therefore, be conclusive on all parties who are properly before the court, upon all questions necessarily involved therein. *In re Estate of Elliott*, 98 Mo. 379; *Redman v. Barger*, 118 Mo. 568; *Young v. Byrd*, 124 Mo. 596.

But probate courts, under the laws of this state, are limited, in their powers and jurisdiction, to such

matters as are expressly conferred upon them by the statute, and such as are necessarily incident to the duties imposed. They are given power to order the distribution of the funds belonging to estates of deceased persons, and for that purpose to determine who are entitled to receive it, and orders so made will conclude all persons over whom they have acquired jurisdiction, by notice or otherwise. But the question of the future use of the fund by the distributees is not involved. No power is given such courts, in express terms or by implication, to declare trusts in the estate distributed, or to follow up the trust fund, or to impose conditions or limitations upon its use and disposition. These powers belong exclusively to courts of equity.

The probate court of Moniteau county had the power to determine, as it did, to whom the funds in the hands of the executor should be paid. It had no right to determine, as against those claiming the remainder, whether the legatee under the will took an absolute or limited right and its judgment on that question was not binding upon such claimants though they may have been before the court. Indeed, the order can not be properly construed as attempting to determine the future rights of the parties.

II.   There can be no doubt of the intention of the testator to limit whatever estate he gave his wife Margaret A. Atkins to her life. This intention is clearly and unequivocally expressed in the opening lines of the will wherein he declares: "I will that all my just debts be paid at as early a day as practical, and the remainder that is left, to go to my beloved wife, Margaret A. Atkins, during her natural lifetime." "The remainder that is left" refers to the property left after payment of debts, for he adds "she to have entire control of the same." The testator then describes the property in the most comprehensive terms and

adds: "To go to her, for her to have the full control of the same, as long as she lives."

Appellant insists that, though a life estate was given Mrs. Atkins in express terms, yet she was also given the absolute and unlimited right to dispose of the property, by which the life estate was converted into an absolute ownership; and that appellant, as an heir of Mrs. Atkins, took by inheritance from her. The circuit court held otherwise, and this ruling constituted the second and principal assignment of error. It is not, and indeed can not be, claimed that a power of disposition is expressly given, but, appellant insists, that the intention to grant such right is necessarily implied from the language used by the testator.

It is needless to say that an intention clearly expressed in a will should not be defeated, except by some inflexible rule of law or public policy, unless a wholly inconsistent intention is manifest upon reading the entire instrument. This is particularly true when the inconsistency is raised by implication only. The implication, to have such an effect, should be very conclusive.

Appellant insists that the intention of the testator to grant his wife the right to dispose of the property bequeathed, is necessarily implied from the facts that she is given entire control of the property, during her life, and that only what is left of it, at her death, is limited over.

In determining the intention of a testator, to grant to a tenant for life the power to dispose of the property devised or bequeathed, much weight has been given to the use of words by which the limitation over is confined to what estate remains upon the death of the first taker. Such intention has been held to conclusively appear in case the property devised could only be diminished by a disposition of it by the one to whom

the life estate is given. Such declarations are held to be inconsistent with a supposition that the whole property was to remain undiminished in the hands of the first taker. *Harris v. Knapp*, 21 Pick. 416.

I take the rule in this state to be well settled that, in case a life estate is expressly given, a power of absolute disposition will not be implied from the fact that the devise or bequest over is of what remains, or what is left of the property, at the death of the first taker, wherever it appears also that the property may be diminished in the hands of the life tenant by the uses to which it may properly be applied. The use of such words only contemplates that some of the property may not exist at the death of the first devisee.

In *Gregory v. Cowgill*, 19 Mo. 417, the devise, consisting of real and personal property, was to the wife of the testator for life. To his nephew he devised all that might "remain" of his estate, both real and personal, after the death of his wife. The devisee for life sold a tract of the land. After her death the heir of the nephew sued to recover it from the grantee. The court, by SCOTT, J., says: "If the word 'remain' was even sufficient to raise a power of disposition in the devisees for life, there were words in the will enough to give it an effect, without applying it to the real estate. Some of the property was of a perishable nature, and some of it would be consumed in the use; it was not, therefore, designed, that such portions of it should be accounted for to the remainderman." The rule announced in this case has been followed and applied in subsequent cases. *Reinders v. Koppelmann*, 68 Mo. 482; *Foote v. Sanders*, 72 Mo. 616; *Munro v. Collins*, 95 Mo. 33; *Lewis v. Pitman*, 101 Mo. 281; *Schorr v. Carter*, 120 Mo. 409.

By the will in question the testator not only devised to his wife real estate, but he also bequeathed

to her all money, cash, notes or bonds, and evidences of debt of every description whatsoever, and also all his personal property "and effects of all kinds." Personal property and effects being thus distinguished from money, notes, bonds, etc., must have included such perishable property as one would have in his residence and upon the land upon which he resided, and the words "what is left," as used in the will, can apply to such personal property.

But does the language used and repeated in the will, that the devisee should have "full control" of the property during her life strengthen the contention that a power of disposition is to be implied? We are of the opinion that it does not, but that it has rather the contrary effect.

The intention of the testator that his wife should have the control of all the property left by him is made prominent. In the most careful and judicious management of an estate like this, losses are liable to occur. By a devise over of "what is left" the testator evidently had in mind such possible losses, and did not intend that the legatee for life should be chargeable with them.

The ordinary meaning of the word "control," when asserted of a person in charge of an estate, is that he has its management. It might imply a power to invest and reinvest, but does not imply a power to dispose of the estate itself so as to defeat the rights of those entitled to its future use. It implies such powers as are usually conferred upon trustees of express trusts. A proper control might necessitate a sale, or a purchase of specific property, but either, if made, would inure to the benefit of the estate.

The intention of this testator is plain enough, and, after all, that must be our guide in construing the will. After providing for the payment of his debts he

makes these directions, "the remainder that is left to go to my beloved wife, Margaret Atkins, during her natural lifetime; she to have the entire control of the same." After describing all the kinds of property to be included, he adds, "to go to her for her to have full control of the same as long as she lives; and that after her death what is left to go to A. W. Cole and Louisa Bramell and her children."

The prominent idea of the will is that the wife of the testator should have full control of the estate during her life. In the very few words used this idea is twice expressed. Doubtless this husband and wife had labored and planned together in the management of their business, and the husband intended that his death should not defeat their plans, but that the business should be continued by the wife without change. He intended that she should, as they had before, use as much of the estate as was necessary for her comfort and convenience, but that what was left should be preserved for the benefit of those to whom the future use was given.

III. It is next insisted that Mrs. Atkins was at least, as the life tenant, entitled absolutely to the income and profits of the fund during her life, and her administrator should account only for the *corpus* of it, that is, the amount she received from the estate of the testator on final settlement of his estate, and the accumulation should descend, or be distributed to her heirs.

The general rule undoubtedly is that one holding the life estate is entitled to the income of the property held, but if a different intention clearly appears from the will the rule of law must give way to the intention. The rule is made absolute by statute that, "all courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters

brought before them."   R. S., sec. 8916; *Redman v. Barger*, 118 Mo. 573.

As has been already said, the prominent object of the testator is to give his wife the control of the property during her life.   As expressed in the will it is "to go" to her "during her natural lifetime, she to have the entire control of the same." · As again expressed it is "to go to her, for her to have the full control of the same as long as she lives."   She is given "entire control" and "full control."   Omitting the description of the property, the intention of committing the estate to the absolute control of the wife is twice expressed in half a dozen lines of the will.   She is also made executrix.

The word "control" in this connection is very comprehensive and implies the power to invest and reinvest, and in connection with the language immediately following, "and after her death what is left, to go to A. W. Cole, and Louisa Bramell and her children," it implies that her management might either make the fund remunerative to these beneficiaries, or that it might be diminished by its use, or by unfortunate investments.   By the words "what is left" the testator intended to include in the bequest over, the entire property which should be in the hands of the life tenant at her death, whether it had been diminished by losses or increased by profits, or whether it consisted of personal property or had been invested in real estate.

If the testator had intended to create a simple life estate, the life tenant would have been accountable for the entire *corpus* of the fund and the words "what is left" would have no meaning.   A mere naked life estate, such as would, without other directions or conditions, entitle the owner of it to the income and profits, would not imply a power of absolute control, which is so emphatically given.

As hereinbefore said, the manifest intention of the testator was that, on his death, his wife should take charge of the property they had accumulated, manage and control it during her life, and at her death whatever there was of it should "go to" her son and daughter and the children of the latter. This is the construction given to the will by the circuit court, and its judgment is affirmed. BRACE, C. J., BARCLAY and ROBINSON, JJ., concur.