## Johnson, et al. v. Powell, et al.

(Decided October 29, 1914.)

### Appeal from McCracken Circuit Court.

1. **Wills—Estate Created—Defeasible Fee.**—While it is true that where an estate is devised to one with a limitation over in case the first taker dies without issue, the courts do not look with favor upon an indefinite failure of issue, yet it is also the rule that if there be no intervening estate and no other period to which the words "dying without issue" may reasonably refer, they are held, in the absence of something in the will evidencing a contrary intent, to create a defeasible fee, which is defeated by the death of the first taker at any time without issue then living.

2. **Wills—Construction—Limitation Over— Validity.**—Testatrix devised all her property to her grand-daughter, Nina Ann Powell, the will providing as follows: "I want her fed, clothed and schooled out of the property left her and what is left after this is done and she arrives at the age of eighteen years or when she marries, to be given into her hands to hold and to keep as her own, but in case she should die before she arrives to the age of eighteen years or marries or die without an heir, then what is left at that time after taken out the expenses of feeding, clothing and schooling her, etc., I will that the balance left shall go to my grandson Freddie Powel." Held, that the grand-daughter was not given a fee with absolute power of disposition, but her estate was limited to such part of the property devised as was reasonably necessary for her comfortable education, maintenance and support, and the limitation over of what was left in case she died before reaching the age of eighteen years, or before she married, or without an heir, was valid. Also held, that the grand-daughter's interest in the estate was not restricted to the income therefrom if as a matter of fact it was not reasonably sufficient for her education, maintenance and support, but if the income was insufficient for this purpose she had a right to use a portion of the principal, and in what was left she took only

a defeasible fee, subject to be defeated by her death without issue.

JAS. C. CHEEK for appellants.

CAMPBELL & CAMPBELL for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This action presents for consideration the proper interpretation of the will of Mrs. Sallie Elrod, who died a resident of McCracken County, in the year 1905. The will, which was probated on July 22, 1905, is as follows:

"I, Sallie Elrod of the County of McCracken of the State of Kentucky, being sound in mind and of my own accord, make this, my last will and testament, hereby revoking any and all former wills I may have made, first that all my just debts be paid. I will to my daughter Lillie Rudolph, $5.00, the remainder of my property both personal and real, lands, cash, notes, and accounts and all property that I may own at the time of my death, I will to my grand-daughter Ninnie Ann Powell, and I want her fed, clothed and schooled out of the property left her and what is left after this is done and she arrives at the age of eighteen years or when she marries to be given into her hands to hold and to keep as her own, but in case she should die before she arrives to the age of eighteen years or marries or die without an heir then what is left at that time after taken out the expenses of feeding, clothing, and schooling her, etc., I will that the balance left shall go to my grandson Freddie Powell. I further will that Dr. L. G. Graham shall be appointed Administrator and Guardian of my grand-daughter Ninnie Ann Powell.

"In witness whereof I have hereunto set my hand this the 15th day of March, 1904.

her<br>
"SALLIE x ELROD,<br>
Mark."

It appears from the record that testatrix had one daughter, Lillie Rudolph, formerly Lillie Powell, who is the mother of appellant, Nina Ann Johnson, and appellee, Freddie Powell. About nine years prior to the death of testatrix appellant's father and mother separated. Appellant went to live with her grandmother. At the time her brother, Freddie Powell, went to live

with his father. When the will was written appellant was about thirteen years of age.

This action was brought by appellant and her husband against appellee, Freddie Powell, for the purpose of having the will in question construed. The chancellor adjudged that appellant took an estate for life, and that upon her death, leaving issue, the estate would go to her issue. On the other hand, if she died without issue, the estate would go to appellee, Freddie Powell. From that judgment this appeal is prosecuted.

While it is true that where an estate is devised to one with a limitation over in case the first taker dies without issue, the courts do not look with favor upon the indefinite failure of issue, yet it is also the rule that if there be no intervening estate and no other period to which the words "dying without issue" may reasonably refer, they are held, in the absence of something in the will evidencing a contrary intent, to create a defeasible fee which is defeated by the death of the first taker at any time without issue then living. Bradshaw v. Williams, 140 Ky., 160; Harvey v. Bell, 118 Ky., 512; Hart v. Thompson, 42 Ky., 482. Here the will provides for a limitation over in three contingencies: (1) If the first taker die before she reaches the age of eighteen years; (2) If she die before she marries; (3) If she die without an heir. It would do manifest violence to the language of the will to hold that dying without issue had to take place before the estate was turned over to appellant. Indeed, the will shows that the testatrix intended that appellee, Freddie Powell, should have what was left of the estate after taking out the expenses of feeding, clothing and schooling of appellant in case appellant died without issue, the testatrix evidently believing that if appellant died before she was eighteen years of age she would die without having then married, and therefore without issue. The will does not say that if the appellant should die without an heir before she arrived at the age of eighteen years, then what was left should go to her grandson, but that if she die without an heir, then what was left at that time, after taking out the expenses of feeding, clothing, schooling, etc., should go to her grandson. The words "what is left at that time" refer not only to appellant's death before she arrives at the age of eighteen years or before she marries, but to her death "without an heir." That being true, we conclude that appellant's estate is subject to be defeated by

her death at any time without issue living at the time of her death.

But it is insisted that as the testatrix gave to appellant the absolute fee, the limitation over of what was left at her death without issue is inconsistent with the fee, and therefore void. It may be conceded that this rule would apply if appellant had been given a fee with absolute power of disposition; for, if she had power to use and dispose of the whole estate as she saw fit, there would be no property to which the limitation over would properly apply. The question is: Was appellant given the right to use and consume the property as she saw fit? In our opinion, the words "to hold and to keep as her own" are not sufficient to import a general power of disposition, when construed in connection with the words which immediately follow, "but in case she should die before she arrives to the age of eighteen years or marries or die without an heir then what is left at that time after taken out the expenses of feeding, clothing and schooling her, etc., I will that the balance left shall go to my grandson Freddie Powell." By willing to her grandson what was left after taking out the expenses of feeding, clothing, schooling, etc., it is clear to our minds that testatrix never intended that appellant should have the unqualified right of disposition of the entire estate, but that her right to use the estate was limited to such sums as were reasonably necessary for her education, maintenance and support. As appellant was not given the entire estate with absolute power of disposition, but the power merely to use the estate in a particular and limited way, we conclude that the limitation over of what was left after the limited purpose of the devise was satisfied, is valid. We are not disposed, however, to agree with the chancellor that appellant has a mere life estate in the property; that is, that she is confined to the use of the income if, as a matter of fact, the income is not sufficient for her maintenance and support. Although now married, and no longer intending to go to school, she is not only entitled to the use of the income from the estate, but to the use of a portion of the principal, if such use be reasonably necessary for her proper support and maintenance. In what is left, after deducting her reasonable support and maintenance, appellant has merely a defeasible fee, subject to be defeated by her death at any time without issue.

Judgment reversed and cause remanded with directions to enter judgment in conformity to this opinion.