## WOODLIEF et al. v. CLAY et al.
### No. 4463.

Court of Civil Appeals of Texas. Texarkana.
April 18, 1934.

Rehearing Denied April 26, 1934.

Franklin & Blankenbecker, of Houston, R. T. Jones, of Henderson, and J. W. Akin, of Wichita Falls, for appellants.

McEntire, James & Clower, of Tyler, W. M. Futch, Smith & West, J. W. McDavid, Paul G. Brown, Brachfield & Wolfe, and John C. Gray, all of Henderson, David Wuntch and Lasseter, Simpson & Spruiell, all of Tyler, J. W. Timmins, of Dallas, T. B. Stinchcomb, of Longview, T. L. Foster, of Dallas, W. T. Church, of Mexia, and J. A. Terrell, of Del Rio, for appellees.

LEVY, Justice (after stating the case as above).

██ Whether the title is in appellants under the will of J. W. Parr, and they are entitled to the land in suit, will depend upon the construction to be given the will. The purpose of construing a will in all its provisions is to ascertain the definite intention of the testator and what he meant to convey by the particular language and terms used. There is involved paragraphs 2 and 3 of the will, both paragraphs apparently expressive of the intention of the testator of how the parties he meant to benefit would have the property, and the estate they might take. In paragraph 2, a granting clause, it is provided that the wife shall "have and receive" all of "my estate, both real and personal," and that it shall "be under her control in every way." The intention on the part of the testator appears, in positive and expressive language, but in general terms, to give a particular estate in the property referred to to his wife, Mrs. V. J. Parr. There are no words of limitation defining the quantity of the interest given. And the words do not distinctly limit the estate for life. Such estate as is given is not expressly given for and during the life of his wife. Nor are there words of express power of disposal of the property for her use or enjoyment. The language that the will speaks in the third paragraph is, "that at her death" it is "my will and desire" that "the property" be "divided as follows: 1st. That at the death of myself and wife, our property, whatever remains, to be divided as follows: To Jennie Moore (née Boggess) and Sallie Boggess one hundred and fifty dollars each to be paid

out of our estates. 2nd. To Miss Ruth Boggess one hundred dollars to be paid out of our estate. 3rd. It is my will and desire that after the above amounts are paid out, that the remainder of my estate of all kinds go, and be vested in Mrs. Delia Woodlief, and her two children, Gladys Woodlief, and Marie Woodlief, and that Mrs. Delia Woodlief, in case it becomes necessary to sell the home where I now live, put the proceeds of said place in another home to be used by herself and children and Miss Ruth Boggess." The will further says: "It is my further will and desire that Miss Ruth Boggess (upon whom the benefit of one hundred dollars is conferred) shall, at all times during her life be furnished a home for herself by the said Mrs. Woodlief, and her two children, but that the said Mrs. Woodlief have control of all of the said property during her life." The only appropriate office of the third paragraph is to qualify or not the immediate preceding matter in the second paragraph. As seen in this third paragraph, the language of the testator is specific that, when "her (the wife's) death" occurs, "the property" shall "be divided," and declaratory of the mode a division is to be made in severalty to the devisees named. There is manifestly evinced an intention not to give the immediate preceding matter in the second paragraph a broader effect, but to qualify it, by a devise over of what remains. It was, first, "our property," treating the half undivided community interest of the wife and the half undivided community interest of the husband as a whole and partitioned accordingly, to the extent of "whatever remains," that was made subject to be "divided" or partitioned. That division or partition was directed to be effected so that each relative designated would take or "be paid out of our estates" the amount stated. The direction to divide "whatever remains" of "our property" does not necessarily indicate the intention to have an out and out conversion of the personalty only into money. The language does not necessarily have reference to the anticipated condition of the personal estate alone when it shall pass into the hands of the remainderman. The words made the charge cover the whole residuary estate, real as well as personal, of "our property" or "our estates." The word "divided" may very appropriately be used, with reference to real estate, to make partition of or partition into severalty. The joint estate, in the light of the circumstances at the time, was not in large part personalty, as in the case of Bramell v. Cole, 136 Mo. 201, 37 S. W. 924, 58 Am. St. Rep. 619. The joint personalty at the time of the will was, as proven, besides the household furniture of the value of $100, three notes of the aggregate value of $234, and a few farm stock with corn in the crib to feed them. It is safe to presume that the testator wished the persons thus designated to take the proceeds specified out of the landed property which is undisposed of as well as out of the personal property. The intention was to have the assets generally of the joint estates accomplish the testator's purpose. And it was, next, "the remainder of my estate" that "after the above amounts are paid out" (meaning out of the two joint estates treated as a whole) was made subject to be vested in interest or portioned out to Mrs. Woodlief and her two daughters. The word "remainder," as used, may not be deemed intended in a technical or legal sense, but rather in the ordinary mathematical sense, of that which is left after the subtraction of one quantity from another. The intention of the testator appears reasonably plain enough to devise to the relatives named, not at all events the whole estate devised in the second paragraph in the first instance to the wife, but only whatever remains after the death of the wife of the whole estate after a part shall be taken or consumed. That, upon the happening of the death of the first taker, the persons designated take whatever remains of the estate after a part has been taken, and to exclude the part that has been taken by the first taker. The language of the testator respecting "the home where I now live," considered in connection with the preceding respecting the 380 acres in suit, may not be deemed, as we think, as pointing more certainly and conclusively to the construction of the will as devising directly an absolute fee in the whole property to the other persons therein named.

In directing that the balance remaining on the death of the wife shall go to the relatives named, as the will is construed to devise, the vital question arises of whether or not the provisions of the specific will intended the wife to take an estate equivalent to a fee simple, with power of disposition of the property before her death. The language the second paragraph of the will speaks, as before noted, is that the wife shall "have and receive" all of "my estate both real and personal," and that it shall "be under her control in every way." The words "have and receive" are apt words to bestow upon the wife the absolute beneficial interest in "my estate, both real and personal" to use and enjoy it as her own. And the further words, "be under her control in every way," bestow

and broadly endow her with authority to the end of unrestrained management of the property. It was the evident object to bestow upon the wife more than mere possession and control or management of the corpus of the property for her benefit in her lifetime. There can be no better definition of ownership than absolute dominion, as is the effect of the language, considered all together. And she was not a mere life tenant. Neither do the words distinctly and expressly give the estate for and during the life of the wife. The language in general terms gives an interest in the property to the wife. Although there are no words of express grant of power of disposal of the property by the wife, yet such power may be derived by necessary implication. It is an absolutely necessary implication for the purpose of giving effect to the apparent intention of the testator. By a devise over of the remainder or that which remains after a part is taken, the testator evidently had in view that the whole estate which he had devised would not remain in the hands of his wife. That the property devised could and probably would be diminished in the lifetime of his wife. Therefore the words of the instrument indicate the giving generally of an estate in the property to the wife with the implied power of disposition during her life. The language of the present case is not quite the same as in Hughes v. Beall (Tex. Civ. App.) 264 S. W. 171. In the case of Bramell v. Cole, 136 Mo. 201, 37 S. W. 924, 58 Am. St. Rep. 619; Id., 146 Mo. 70, 47 S. W. 931, the grant was "during her natural lifetime," and because the life estate was expressly given a power of absolute disposition could not, of course, be implied. In Grace v. Perry, 197 Mo. 550, 95 S. W. 875, 7 Ann. Cas. 948, "the interest in my estate" was indefinite of grant, and the power of disposal was implied. In Johnson v. Powell, 160 Ky. 591, 169 S. W. 1009, the right was restricted to use of the property in a particular and limited way, and the unqualified right of disposition, express or implied, of the entire estate was not given. In Mace v. Hollenbeck (Mo. Sup.) 175 S. W. 876, the words of the will would not warrant the construction that the testator intended to vest either a fee or a life estate with power of disposition.

In Jackson v. Robins, 16 Johns. (N. Y.)

537, Chancellor Kent was quoted as saying, after a review of the English and American cases, that: "We may lay it down as an incontrovertible rule, that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee; and the only exception to the rule is, where the testator gives to the first taker an estate for life only by certain and express words, and annexes to it a power of disposal." 4 Kent Comm. 535, 536. The decisions are numerous that follow the rules and the distinction so stated. A few only need be cited here. Where the estate was distinctly granted for and during life, but the power of disposal during lifetime was expressly given to the life tenant. Stuart v. Walker, 72 Me. 145, 39 Am. Rep. 311; Mansfield v. Shelton, 67 Conn. 390, 35 A. 271, 52 Am. St. Rep. 285; Mooy v. Gallagher, 36 R. I. 405, 90 A. 663, L. R. A. 1916C, 1040, Ann. Cas. 1916D, 395; Archer v. Palmer, 112 Ark. 527, 167 S. W. 99, Ann. Cas. 1916B, 573; Farlin v. Sanborn, 161 Mich. 615, 126 N. W. 634, 137 Am. St. Rep. 525; Steiff v. Seibert, 128 Iowa, 746, 105 N. W. 328, 6 L. R. A. (N. S.) 1186; Chewning v. Mason, 158 N. C. 578, 74 S. E. 357, 39 L. R. A. (N. S.) 805; McCullough v. Anderson, 90 Ky. 126, 13 S. W. 353, 7 L. R. A. 836; and many other cases. Where the estate was given generally, and with no express grant for life and with no express power, but only implied power, given of disposition, the devise is the equivalent to an estate in fee simple. In re Estate of Oertle, 34 Minn. 173, 24 N. W. 924, 57 Am. Rep. 48; Kleber v. Kleber (Ky.) 67 S. W. 838; Tower v. Hartford, 115 Ind. 186, 17 N. E. 281; Greenwalt v. Keller, 75 Kan. 578, 90 P. 233; and other cases. 1 Underhill on Wills (Ed. 1900) § 358, at page 489. The following cases in Texas: Littler v. Dielmann, 48 Tex. Civ. App. 392, 106 S. W. 1137; Adams v. Williams, 112 Tex. 469, 248 S. W. 673; Feegles v. Slaughter (Tex. Civ. App.) 182 S. W. 10; Johnson v. Kirby (Tex. Civ. App.) 193 S. W. 1074; Kilpatrick v. Cassel (Tex. Civ. App.) 19 S.W.(2d) 805. The present will is within the class last named. It is quite like the case of In re Olson's Will, 165 Wis. 409, 162 N. W. 429.

It is believed the trial court has correctly construed the will, and accordingly the judgment is affirmed.