## TAYLOR v. HARKEY et al.
### No. 8998.

Court of Civil Appeals of Texas. Austin.
Nov. 20, 1940.

Frank M. Harrell, of San Saba, for appellant.

No briefs filed for appellees.

BLAIR, Justice.

Appellant, J. C. Taylor, and Mrs. Ella Taylor were prior to her death husband and wife. They executed separate but mutual wills. After her death her will was duly probated. Thereafter a controversy arose between appellant and appellees (beneficiary remaindermen) as to whether the will should be construed as bequeathing a fee-simple estate to appellant to the testatrix' one-half of the community real property. The trial court construed the will as showing the intention of testatrix not to permit appellant to sell, dispose of, or mortgage her one-half community interest in such real property, except such as was necessary for the support and maintenance of appellant, or to conserve such real estate; hence this appeal.

We are of the view that the construction placed upon the will by the trial court is directly opposed to its express provisions. Omitting formal and immaterial parts, it reads as follows:

"Third. I will and bequeath unto my beloved husband, J. C. Taylor, all of the property, both real and personal, that I may die seized and possessed of to have and to hold during his natural life, and to use and enjoy the fruits and revenues derived therefrom, as long as he shall live and at his death to vest in the parties and

in the manner hereinafter stated; it is my will and desire however, and I hereby authorize and empower my said husband, J. C. Taylor, to sell or dispose of or exchange for other property, any and all property that I may die seized of, during his lifetime as he may see fit and proper and to use the proceeds of the sale of said property, or any property that he may sell, acquire by exchange, for any purpose that he may see fit and proper.

"Fourth. I will and bequeath to B. F. Harkey and his wife Lula Harkey, as long as they or either of them shall live, the following described tracts of land, lying and being situated in San Saba County, Texas, to-wit: (description omitted). It is my will and desire that the said B. F. Harkey and wife, Lula Harkey, shall have and hold said above described tracts of land as long as they or either of them shall live, and fully enjoy the fruits and revenues derived therefrom during all of said time, and at the death of the survivor of them, it is my will and wish that the title to said tracts of land shall vest absolutely, share and share alike, in their children, and should any of their children die before the death of their said parents and leave surviving children, then such children shall have the share of their parents, share and share alike."

By paragraphs Fifth, Sixth, and Seventh testatrix bequeathed life estates or successive life estates to others of the appellees, with provisions for final vesting of title in remaindermen as in paragraph Fourth.

"Eighth. It is my will and desire that B. F. Harkey shall have all stock that I own in the San Saba National Bank of San Saba, if same is not sold or disposed of by my husband after my death, during his lifetime."

By paragraphs Ninth to Fourteenth, both inclusive, testatrix devised household furniture, pictures, and cash devises to several of the appellees, each to be delivered or paid at the time of the death of appellant; and by the "Fifteenth: I will and bequeath the residue of the property, both real and personal that I may die seized and possessed of, and that may be in the hands or possession of my said husband, J. C. Taylor, at the time of his death, should he survive me, to B. F. Harkey and B. D. Harkey, share and share alike."

The Sixteenth paragraph appointed appellant independent executor, if he survived testatrix; if not, B. F. Harkey was named independent executor.

"Seventeenth: The property mentioned in this will being jointly owned by myself and my husband, J. C. Taylor, and my said husband having this day made a will in my favor with similar provisions as are contained in this will, and it being understood by and between myself and my husband that this will shall be irrevocable after the death of the first of us that shall die.

"It is further my intent in making this will that the above specific legacies shall be paid out of the joint property and that only one-half thereof shall be paid out of my part of said property, and that I only intend to will and bequeath my undivided one-half interest in such property."

By the plain and unambiguous language of paragraph Third, it is manifest that testatrix not only intended to give her husband a life estate in her one-half of the community real estate, but she also intended to fully authorize and empower him to sell and dispose of such property and to use the proceeds of the sale for any purpose that he might see fit and proper; and that what was left at the time of his death should vest in the devisees or legatees named. We find no language in the will, nor any bequest or devise which would in any way limit the absolute power given appellant to dispose of the property, nor which would limit the power of sale of only so much of the property as may be necessary for the support and maintenance of appellant, the husband, or to conserve the real estate. Such construction would destroy or render ineffective the absolute power given appellant to sell or otherwise dispose of the property as "he saw fit and proper," and "to use the proceeds of the sale * * * for any purpose that he may see fit and proper." We think it clear that testatrix did not intend to impose upon her husband an obligation to keep the property in trust for the devisees or legatees named; but she authorized and empowered him to sell and use all of it for "any purpose he saw fit and proper," with a limitation over, giving to others at the death of the husband such part of the property as the latter may not have disposed of or consumed. The cases hold that an absolute power of disposition of property is conferred upon a devisee or legatee by a statement in a will that he is "to sell and dispose of as he may think proper or best," or by language of

similar import; and that the power of sale or disposition is also implied from a limitation over of the residue of the property. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; Kilpatrick v. Cassel, Tex.Civ.App., 19 S.W.2d 805; Johnson v. Kirby, Tex.Civ.App., 193 S.W. 1074, error refused; Danish v. Disbrow, 51 Tex. 235; West v. Glisson, Tex.Civ.App., 184 S.W. 1042, error refused.

The judgment of the trial court is reversed and judgment is here rendered for appellant, construing the will as authorizing and empowering him "to sell or dispose of or exchange for other property, any and all" of testatrix' property, and to use the proceeds "for any purpose that he may see fit and proper."

Reversed and rendered.