## McFARLAND v. PHILLIPS et al.

### No. 15385.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 12, 1952.

Rehearing Denied Jan. 9, 1953.

Sanford, King, Estes & Cantwell, of Dallas, for appellant, Lottie Lou McFarland, executrix of the estate of J. M. McFarland, deceased.

Smead & Harbour, of Longview, for Loyce Phillips, an appellant, but designated herein as appellee for convenience.

Hurst & Burke, of Longview, for appellees, Don Hall McFarland, E. H. Smitherman, Mrs. Lizzie Rogers, Mrs. Nannie Goyne, Mrs. Mary Rogers, Mrs. ——— Mann, John K. Mann, Charles W. Mann and Herbert Mann.

CULVER, Justice.

This suit was brought by Loyce Phillips, executor of the will of Lucy Haynes and trustee for Don Hall McFarland, to construe certain provisions of the will of said Lucy Haynes, which read as follows:

"3. I give, devise and bequeath to and hereby direct my executor named herein to permit my husband, J. M. Haynes, during his natural life to manage and control my farm on the Geo. A. Thomason survey in Gregg County, Texas, insofar as the surface rights are affected, and that he be permitted to retain for his own use and benefit all income he may derive from the use and rents of the surface rights of said farm.

"4. I give, devise and bequeath the residue of my property that I die seized and possessed of, after the payment of all my just debts, together with the expenses of my last sickness and the expenses incident to the probating of this will, and subject to the conditions herein set out, to J. M. McFarland, my

son, and Don Hall McFarland, the son of Richard L. McFarland, my deceased son, in equal shares, to be managed, controlled and used as their own during their natural lives, with the remainder over, one-half to the bodily heirs of J. M. McFarland and one-half to the bodily heirs of Don Hall McFarland. If either of said beneficiaries should die leaving no issue of his body, then and in that event his share of residue shall pass to the surviving beneficiary as named in this paragraph, but in the event that both my son, J. M. McFarland, and my grandson, Don Hall McFarland, should die without issue of his body, then and in that event the residue of my estate as it exists at that time is to pass in fee simple to my brother and to my sisters, in the event they are living, and if not, to their bodily heirs.

"5. I hereby constitute and appoint my beloved son, J. M. McFarland, sole executor of this my last will and testament, and direct that no bond or security be required of him as executor. I also name him herein as trustee and sole manager of Don Hall McFarland's estate, same to be held in trust until the said Don Hall McFarland arrives at the age of thirty years, unless, in the discretion of the said J. M. McFarland, he believes that the said Don Hall McFarland, upon reaching the age of twenty-five years, is capable and in every way suitable and a proper person to manage his own estate, in which event the estate may be turned over to him.

"6. I hereby direct that the executor herein, who is the trustee of the estate of Don Hall McFarland, shall pay out of the said Don Hall McFarland's share of the estate, to the guardian of the said Don Hall McFarland the sum of Fifty ($50.00) Dollars per month toward his support, maintenance and education, and Fifty ($50.00) Dollars per month to be paid to my daughter-in-law, Mrs. Richard L. McFarland, toward her support and maintenance so long as she remains single, and in the event that she should remarry I direct that the full one Hundred ($100.00) Dollars per month be paid to the guardian of the said Don Hall McFarland to be used for his support, maintenance and education. I further direct that the trustee of said Don Hall McFarland's estate pay such additional sum or sums as in his best judgment he may find proper for the education of the said Don Hall McFarland, and/or for any emergency that may arise that demands additional funds. This clause has in mind to take care of the needs of the said Don Hall McFarland when he has reached the age to go to college, and so long as he attends college and proves himself a capable student I direct that the trustee of his estate shall amply provide for all the necessities that he should need to give him the very best education that his estate will permit.

"7. In the event that my son, J. M. McFarland, should precede me in death, or should die before the trust herein created is fully executed, then I appoint as his successor as executor, trustee and manager of Don Hall McFarland's estate Loyce Phillips, of Gladewater, Texas, and direct that he qualify by taking oath and filing inventory and that he make bond in double the value of the estate as inventoried at that date, * * *."

Mrs. Haynes died on April 5, 1950, and her son, J. M. McFarland, died December 23, 1950, without bodily heirs. The defendants named in this action were Lottie Lou McFarland, widow and executrix of J. M. McFarland, Don Hall McFarland, and the living collateral heirs of Lucy Haynes.

It is stipulated that J. M. McFarland, while acting as the executor, distributed from his mother's estate to himself $13,772.10, which he expended for his own use and to himself as trustee for Don Hall McFarland the sum of $15,768.34. Plaintiff seeks to recover from the estate of J. M. McFarland the sum of $13,772.10 so expended.

The trial court answered certain questions propounded by the plaintiff as follows: (1) That the United States Government Bonds issued in the name of Mrs. Lucy Haynes *or* J. M. McFarland, and in the name of Mrs. Lucy Haynes *or* Don Hall McFarland were not part of the estate of Mrs. Lucy Haynes and belonged to the survivor. (2) That J. M. McFarland did not have the right under the will of Lucy Haynes to appropriate and expend for himself the $13,772.10. (3) That Don Hall McFarland, under the will, was granted only a life estate and that only the income from the property of the trust can be used and expended for his benefit. Judgment was rendered in favor of Loyce Phillips, executor and trustee, against appellant as executrix in the sum of $13,772.10. Judgment was also rendered in favor of the attorneys who represented Don Hall McFarland and the collateral heirs for the sum of $3,250 for services furnished in connection with the bringing and prosecution of this suit.

Appellant Lottie Lou McFarland predicates her appeal on seven points, which, in substance, complain that the trial court erred in holding that J. M. McFarland did not have the right under the will of Lucy Haynes to appropriate and expend for himself any portion of the principal of the Lucy Haynes estate and inferentially determining that the interest of J. M. McFarland in the estate of his mother, Lucy Haynes, was limited to that of a conventional life estate.

The well known rules of construction require that we seek to ascertain the intention of the testatrix from a reading of the entire will and to give effect to every portion and provision thereof so far as can possibly be done. McClure v. Bailey, Tex.Civ.App., 209 S.W.2d 671; Aron v. Aron, Tex.Civ.App., 168 S.W.2d 917.

Appellant maintains that the will of Lucy Haynes created in J. M. McFarland and his nephew, Don Hall McFarland, an estate in fee subject to be defeated by the failure of bodily issue. Appellee insists that merely a life estate is created in each and that no part of the principal of the estate can be expended for their own use and benefit, only the income therefrom.

At the time of the drawing of Mrs. Haynes' will in 1937 and at the time of her death, she had only two living descendants, the son, J. M. McFarland, and the grandson, Don Hall McFarland, son of a deceased son. In J. M. McFarland she reposed implicit confidence, appointing him sole and independent executor of her will without bond, naming him as the trustee and sole manager of Don Hall McFarland's estate and vesting in him the discretion of determining whether Don Hall McFarland was "suitable and a proper person" to manage his own estate, and deciding whether the estate should be turned over to Don Hall McFarland at the age of twenty-five or thirty years. She gives her property to her son and grandson "in equal shares, to be *managed, controlled* and *used as their own* (emphasis ours) during their natural lives, with the remainder over, one-half to the bodily heirs of J. M. McFarland and one-half to the bodily heirs of Don Hall McFarland." She speaks several times in the will of "Don Hall McFarland's estate" and directs certain sums to be paid for the support of Don Hall McFarland and for his mother without specifying that these sums be paid out of income. She expressly charges her son and executor to use his discretion and expend such sums of money as may be needed for the care, maintenance and education of Don Hall McFarland. The implication seems to be inescapable, so far as the Don Hall McFarland estate is concerned, that the trustee has the authority to use any or all sums necessary to support, maintain and educate him properly. The same intention seems to be implied in the second quoted paragraph where the direction is given that the estates are "to be managed, controlled and used as *their own* during their natural lives, * * *." There would seem to be little distinction to be drawn between giving property to some person outright and in giving it to them to *"use as their own."* Throughout the will

the testatrix speaks of the "residue." In the second quoted paragraph she provides, *"his share of residue* shall pass to the surviving beneficiary" and in the event both her son and grandson die without issue, "then and in that event the *residue* of my estate as it exists at that time is to pass in fee simple to my brother and to my sisters, in the event they are living, * * *." In West v. Glisson, Tex.Civ.App., 184 S.W. 1042, 1044, writ refused, it is held that while the will did not in express terms give the legatee the power to dispose of the property, none the less, by using the expression, "residue of same," it did so by implication. Taylor v. Harkey, Tex.Civ.App., 145 S.W. 2d 625; 44 Tex.Jur., Wills, p. 833, § 259. In the instant case Mrs. Haynes was careful to define the nature of the estate left to her husband by using the words, "all income he may derive." No such language is to be found in creating the estates under consideration.

We think the following cases support us in the view that J. M. McFarland did have the right to expend a portion of the principal for his own use and benefit, at least so long as it was not shown that he did so maliciously, recklessly or with the intention to dissipate the estate. Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S. W.2d 374; Darragh v. Barmore, Tex.Com. App., 242 S.W. 714; Cottrell v. Moreman, Tex.Civ.App., 136 S.W.124; McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; Brown v. Bryant, 17 Tex.Civ.App. 454, 44 S.W. 399; Orr v. O'Brien, 55 Tex. 149, 159; Woodlief v. Clay, Tex.Civ.App., 71 S.W. 2d 600.

In the case of Wagnon v. Wagnon, Tex. Civ.App., 16 S.W.2d 366, writ ref., the court did not expressly pass upon the right of the husband to expend any portion of the corpus of the estate for his own benefit. The suit was brought by the widow against the children of the first marriage. In Robinson v. Glenn, Tex.Sup., 238 S.W. 2d 169, it is held that the rule in Shelley's case did not apply and that the devise did not vest a fee simple title but merely a life estate, so that at the death of the devisee, without bodily heirs, the brothers and sisters inherited and not the husband.

Federal Land Bank v. Little, supra, holds that the language of the will converts what would have been an unconditional fee simple into a fee defeasible upon the occurrence of the named condition.

An interesting comparison may be made of the case of Hughes v. Beall, Tex.Civ. App., 264 S.W. 171, cited by appellant, and that of Woodlief v. Clay, Tex.Civ.App., 71 S.W.2d 600, cited by appellee. Both opinions were rendered by the same Justice of the same court. In the former case [264 S.W. 172], the following language was used by the testatrix: "* * 'with full power and authority to use and to hold the same in any manner he may desire,' * * *" and providing that at his death the estate would be equally divided among the children. This was held to vest in the appellant not a fee simple title but only a life estate, the court saying: "The free use and occupancy only of the property, as those terms are ordinarily understood in relation to real and personal property; and not the power to dispose of the same, was intended to be given to the husband during his lifetime. * * *" In the latter, the testator provided, " 'It is my will and desire that my beloved wife * * * do have and receive all of my estate, both real and personal, and that it be under her control in every way * * *' " and with the proviso that at her death the property would be divided among others. The court held that this evidenced the intention to bestow on the wife more than mere possession and control or management of the corpus of the property for her benefit during her lifetime and implied the power to convey property and cut off the interest of the remaindermen therein. These two decisions, we think, merely serve to emphasize the general rule of construction which we have mentioned above.

■ We are convinced that it was not the intention of Mrs. Haynes, the testatrix, to deprive her son and grandson of the right to expend for their benefit a part of the principal nor, conversely, do we believe that she meant to limit each of them to the income from the estate. It is our opinion that the intention of Mrs. Haynes was that in the event both her son and grand-

son died without bodily issue, then whatever might be left and unexpended would pass to her collateral heirs.

▉ Appellee cross-assigns as error the action of the trial court in not admitting the testimony of the attorney who drew the will in question. We are not referred in the brief to any such testimony that may have been offered and, therefore, the point is overruled under authority of Rule 418, Texas Rules of Civil Procedure.

▉ The appellee complains of the action of the trial court in "decreeing that the United States Savings Bonds made out to Lucy Haynes *or* J. M. McFarland, and Lucy Haynes *or* Don Hall McFarland did not belong to the estate of Lucy Haynes." This cross assignment is overruled. We think the correctness of the trial court's ruling in that respect is no longer in doubt and the same is affirmed. Waltenberger v. Pearson, 81 Ohio App. 51, 77 N.E.2d 491; In re Myers' Estate, 359 Pa. 577, 60 A.2d 50; Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470.

The judgment of the trial court in awarding recovery to Loyce Phillips, as executor of the estate of Lucy Haynes, deceased, against Lottie Lou McFarland, as executrix of the estate of J. M. McFarland, for the sum of $13,772.10 is reversed and rendered. Accordingly, the judgment of the trial court in awarding attorneys' fees to the attorneys for Don Hall McFarland and the collateral heirs for the sum of $3,250 is reversed and rendered, and the judgment that should be rendered by the trial court is that said executor and attorneys take nothing.

We hold that under the will of Lucy Haynes the trustee of the estate of Don Hall McFarland is not limited to the income from the estate but may resort in his discretion to the corpus of the estate in providing for the needs of his ward; that Don Hall McFarland, when the estate has been turned over to him in conformity with the will, shall not be limited to the income of the estate but may resort to the corpus of the same in the reasonable expenditure of funds for his own use and benefit.

We hold that should Don Hall McFarland die without issue that portion of the estate which remains unexpended shall pass in fee simple to the collateral heirs mentioned in the will of Lucy Haynes.

Judgment of the trial court is reversed and rendered in part and affirmed in part.